STATE v. JOHN BANGLE CORL.

(Filed 6 May, 1959.)

**1. Jury § 3—**

A challenge to the array must go to the whole array or panel and will

not lie on the ground that eleven of the jurors in the panel were present in court and heard testimony against the defendant in a prior prosecution.

**2. Same—**

A challenge to the array must be made before plea.

**3. Same—**

Upon defendant's challenge to the array, the burden is upon him to introduce evidence in support of his motion.

**4. Jury § 1—**

A defendant may not object to the acceptance of a juror when he has not exhausted his peremptory challenges before the panel is completed. G.S. 15-163.

**5. Automobiles § 3—**

In a prosecution of defendant for operating a motor vehicle on the public highways after his operator's license had been revoked or during a period it had been suspended, the State may introduce that part of the certified record of the Department of Motor Vehicles showing that defendant's operator's license had been revoked and that such revocation was in effect at the time the alleged offense was committed.

**6. Criminal Law § 156—**

An assignment of error that the court failed to instruct the jury in accordance with the provisions of G.S. 1-180, is ineffectual as a broadside assignment of error.

**7. Criminal Law § 159—**

An assignment of error not discussed in appellant's brief is deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**8. Criminal Law §§ 133, 169—**

Where cumulative sentences are imposed upon conviction for separate offenses, the judgment should specify in what order the respective sentences are to be served, and when the judgment provides only that each sentence should run consecutively and not concurrently with the other sentences, the cause must be remanded for proper sentences.

APPEAL by defendant from *Johnston, J.,* October Term, 1958 of CABARRUS.

These are three cases against the defendant that came to the Superior Court by appeal of the defendant from the county recorder's court of Cabarrus County. The warrant in each case charges the defendant on 27 October 1958 with a violation of a statute regulating the operation of automobiles on the public highways of North Carolina, all misdemeanors. The warrant, Number 7270, charges the unlawful operation of an automobile upon the public highways of the State while defendant's operator's license to operate an automobile

was revoked, a violation of G.S. 20-28. The warrant, Number 7268, charges the reckless driving of an automobile on the public highways of the State, a violation of G.S. 20-140. The third warrant charges the unlawful driving of an automobile upon the public highways of the State at a speed of 60 miles an hour, where the speed limit is 55 miles an hour, a violation of G.S. 20-141.

In the Superior Court the three cases were consolidated for trial. *S. v. Waters,* 208 N.C. 769, 182 S.E. 483. Defendant pleaded Not Guilty. Verdict: Guilty of driving after license revoked; guilty of reckless driving; not guilty of speeding.

From a judgment of imprisonment in Case Number 7268 and Case Number 7270, defendant appeals.

*Malcolm B. Seawell, Attorney General and Lucius W. Pullen, Assistant Attorney General, for the State.*
*Robert L. Warren for defendant, appellant.*

PARKER, J.   After the jury was impaneled to try these cases, defendant challenged "the array on the grounds that eleven of the jurors at present in the panel were present in court on the morning of this date, at which time the defendant now on trial was being tried on two charges, one of speeding and one of driving after his license was revoked, and that such jurors heard the testimony in these cases and also heard read a record of the Department of Motor Vehicles which was admitted in evidence." To the denial of the challenge, defendant excepted, and assigns this as his assignment of error Number One.

To constitute a ground for challenge to the array, the objection must go to the whole array or panel, and not merely to individuals upon it.   No objection lies to the array or panel because some persons are wrongfully on it, since they may be excluded upon their examination on the *voir dire. S. v. Kirksey,* 227 N.C. 445, 42 S.E. 2d 613; *S. v. Dixon,* 215 N.C. 438, 2 S.E. 2d 371; *S. v. Levy,* 187 N.C. 581; 122 S.E. 386; 50 C.J.S., Juries, Sec. 262; 31 Am. Jur., Jury, Sections 105 and 106.

The challenge to the array came after defendant had pleaded Not Guilty, and after the jury was impaneled. This Court said in *S. v. Banner,* 149 N.C. 519, 63 S.E. 84; "The motion to quash and the challenge to the array came too late, after entry of plea of 'not guilty.'" "Challenges to the array or panel should be made before challenges to the polls, and, as a general rule, before the jury is sworn." 31 Am. Jur., Jury, Section 109. See 50 C.J.S., Juries, Section 263.

In *S. v. Levy, supra,* it is said: "In *S. v. Speaks,* 94 N.C., p. 873,

it was said that 'A challenge to the array can only be taken when there is partiality or misconduct in the sheriff, or some irregularity in making out the list.' "

This is said in 50 C.J.S., Juries, p. 1022: "The existence of various facts and circumstances, or the happening of various occurrences, have been held not to constitute grounds for challenge to the array or motion to quash the venire, such as . . . presence of jurors at other trials, previous service of jurors in other cases . . . ."

Defendant challenged the array, but offered no evidence. In *Frazier v. U. S.*, 335 U.S. 497, 93 L. Ed. 187, reh. den. 336 U.S. 907, 93 L. Ed. 1072, there was a challenge to the array, and in respect thereto the Court said: "I. The method of selecting the panel. — Apart from the objection that this challenge came too late, cf. *Agnew v. United States*, 165 U.S. 36, 41 L. Ed. 624, 17 S. Ct. 235, it is without merit. It consists exclusively of counsel's statements, unsworn and unsupported by any proof or offer of proof. The Government did not explicitly deny those statements. But it was under no necessity to do so. The burden was upon the petitioner as moving party 'to introduce, or to offer, distinct evidence in support of the motion.' Citing authorities."

By virtue of G.S. 15-163, defendant had the right to challenge peremptorily, and without showing cause, six jurors. There is nothing in the Record to indicate that defendant excused any juror under the provisions of this statute. For all the Record shows, defendant may have had unused six peremptory challenges, when he accepted the jury, and it was impaneled. "It is well settled that the defendant cannot object to the acceptance of a juror, so long as he has not exhausted his peremptory challenges before the panel is completed." *S. v. Dixon, supra.*

There is nothing in the Record to indicate that defendant challenged any juror for cause, e. g., that he had formed and expressed an opinion unfavorable to defendant, and that the court improperly refused his challenge to a juror for cause.

The court properly denied defendant's challenge to the array.

The assignments of error in respect to the court permitting the State to offer in evidence that part, and only that part, of a certified copy under seal of the official record of the Drivers License Division of the North Carolina Department of Motor Vehicles, showing that defendant's operator's license to operate an automobile was revoked, and such revocation was in effect on 27 September 1958, are overruled on authority of the opinion written for the Court by *Denny, J.,* in *S. v. Corl,* filed this day, ante p. 252, 108 S.E. 2d. 608.

The assignments of error to the denial of defendant's motions for judgment of nonsuit are overruled. Defendant states in his brief: "This appellant recognizes that the evidence as admitted would not justify granting a motion of nonsuit."

Defendant's last assignment of error is that the court failed to instruct the jury in accordance with the provisions of G.S. 1-180. This assignment of error is overruled for two reasons: One, it is broadside. *S. v. Webster,* 218 N.C. 692, 12 S.E. 2d 272; *Tillman v. Talbert,* 244 N.C. 270, 93 S.E. 2d 101. Second, it is not brought forward, and discussed in defendant's brief. Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 544, 563; *S. v. Hart,* 226 N.C. 200, 37 S.E. 2d 487.

All defendant's assignments of error are overruled. However, the cases must go back for proper sentences.

The sentence in Case Number 7268 is imprisonment for six months, to run consecutive with, and not concurrent with, prison sentences pronounced this day by this court in Cases numbered 6711, 6712, 7069, 7070 and 7270. The sentence in Case Number 7270 is imprisonment for eighteen months, to run consecutive with, and not concurrent with, prison sentences pronounced this day by this court in Cases numbered 6711, 6712, 7069, 7070 and 7268.

Appeals in all these cases are now pending in this Court. In reference to all of these cases, *Denny, J.,* said in *S. v. Corl, supra,* in which cases numbered 6711 and 6712 were consolidated for trial: "In none of the judgments was it specified in what order the respective sentences were to be served." Upon authority of the Court's opinion written by *Denny, J.,* in that case, it is ordered that the sentence in each case here be vacated, and that each case be remanded to the Superior Court of Cabarrus County for proper sentences upon the jury's verdict.

Remanded for Proper Sentences.