STATE OF NORTH CAROLINA v. ERNEST WHITE

No. 6912SC439

(Filed 22 October 1969)

1. **Constitutional Law § 29;    Jury § 7— racial discrimination — burden of proof**

Defendant has the burden of proving his allegations of racial discrimination in the selection of prospective jurors.

2. **Jury § 7— selection of tales jurors — racial discrimination — findings of fact**

In this prosecution for driving under the influence of intoxicating liquor,

findings of fact by the trial court that the county sheriff made his selection of tales jurors from the telephone book without prejudice and without an effort to create a racial imbalance are supported by the evidence and are therefore conclusive on appeal.

**3. Jury § 5— tales jurors — selection**

There is no statute which prescribes the method by which tales jurors must be selected.

**4. Jury §§ 3, 5— tales jurors — discretion of sheriff**

The statute authorizing the court to order the sheriff to summon tales jurors does not set forth any discretionary restrictions to be placed on the sheriff in fulfilling the court's order. G.S. 9-11(a).

**5. Jury §§ 3, 6, 7— tales jurors — qualifications — challenge**

Tales jurors must possess the statutory qualifications and are subject to the same challenges as regular jurors and may be examined by both parties on *voir dire*.

**6. Jury § 5— tales jurors — discretion of sheriff**

Absent proof that the sheriff has violated the discretionary trust placed in him when summoning tales jurors, he should remain free to use his best judgment in carrying out the court's order.

APPEAL by defendant from *Beal, S.J.,* 20 May 1969 Criminal Session, HOKE Superior Court.

Defendant, a Negro, was tried in the Hoke County District Court on a valid warrant and convicted of driving under the influence of intoxicating liquor. He appealed and was convicted again in the Hoke County Superior Court by a jury having three tales jurors as members, those three having been selected from a panel of nine tales jurors, all of whom were white. Prior to the selection of the jury defendant's counsel had moved to challenge the panel of nine tales jurors, which motion was denied by the court after hearing testimony, not in the presence of the jury, of the Hoke County Sheriff, the summoning official.

Based on the sheriff's testimony the court found the following facts: that the sheriff used the telephone book as the method of selection, that he called some 60 different prospective jurors in the course of securing the nine tales jurors, that three of those called were Negro, none of whom was able to serve, (one requesting that she be excused and when her husband was requested to serve, she requested that her husband be "let off the hook" and be considered that he was not at home on the property at the time of the sheriff's phone call,) that the sheriff made an effort to secure prospective jurors from the three races in Hoke County, white, Negro and In-

dian, that he sought out men of good character, freeholders of the county and who had not served on the jury within two years and that the selection was made without prejudice and without an effort to create an imbalance of races.

From the verdict and imposition of judgment defendant appealed.

*Attorney General Robert Morgan, by Assistant Attorney General Bernard A. Harrell, for the State.*

*Moses and Diehl, by Philip A. Diehl, for defendant appellant.*

MORRIS, J.

Defendant's appeal is based on one assignment of error. He contends that it was error for the court to refuse to allow his challenge to the panel of nine tales jurors. Though it is not clear from the record or defendant's brief, this contention is apparently based on two grounds: that the panel of nine tales jurors was selected through a system involving racial discrimination; and that the sheriff, in excusing a prospective juror, usurped the power conferred on district and superior court judges by G.S. 9-6.

**[1, 2]** In alleging racial discrimination in the selection of prospective jurors, the defendant has the burden of proving his allegations. *State v. Ray,* 274 N.C. 556, 164 S.E. 2d 457 (1968); *State v. Yoes,* 271 N.C. 616, 157 S.E. 2d 386 (1967); *State v. Corl,* 250 N.C. 258, 108 S.E. 2d 615 (1959). As said in *State v. Yoes, supra,* "[o]bviously it would be possible for a sheriff, sent out to execute such an order of the court, to discriminate in the selection of persons to be summoned. This mere possibility does not make the panel actually summoned by him objectionable where, as here, the record shows that he did not so discriminate." The court's finding of fact that the Hoke County Sheriff made his selection without prejudice and without an effort to create a racial imbalance is supported by the evidence and is conclusive on appeal. *State v. Wright, 274 N.C. 380, 163 S.E. 2d 897 (1968); *State v. Reid,* 230 N.C. 561, 53 S.E. 2d 849 (1949).

**[3]** There is no statutory or case authority in North Carolina prescribing the methods by which tales jurors must be selected. G.S. 9-11(a) authorizes the court, without using the jury list, to order the sheriff to summon from day to day additional jurors to supplement the original venire. It further provides that jurors so summoned shall have the same qualifications and be subject to the same challenges as jurors selected for the regular jury list. The unchallenged

testimony of the Hoke County Sheriff shows that he substantially complied with the statutory provisions concerning the selection of prospective jurors.

[4-6]    Nowhere in the statute is there a provision delineating discretionary restrictions to be placed on an officer in fulfilling the court's order. The statutory recognition that tales jurors may be needed and the statutory language used contemplates a system easily and expeditiously administered. To place procedural restrictions unnecessarily on their selection would defeat the purpose of the system, which is to facilitate the dispatch of the business of the court. Tales jurors are selected infrequently and only to provide a source from which to fill the unexpected needs of the court. They must still possess the statutory qualifications and are still subject to the same challenges as regular jurors and may be examined by both parties on *voir dire*. In order to retain the flexibility needed in the administration of such a system, the summoning official must be permitted some discretion, whether he be located in a relatively small community or a more heavily populated area, and to restrict the discretion placed in the summoning official, without proven cause, is to presume he is not worthy of the office which he holds. Such should not be the case.

> "Where an officer is empowered to select and summon talesmen he is vested with some discretion. It is his right and duty to use his best judgment in securing men of intelligence, courage, and good moral character, but he must act with entire impartiality." 50 C.J.S., Juries, § 186, p. 921.

Absent proof that an officer has violated the discretionary trust placed in him, he should remain free to use his best judgment in carrying out the orders of the court. No such proof appears in this record.

Affirmed.

MALLARD, C.J., and HEDRICK, J., concur.