LINDA H. JACKSON, ADMINISTRATRIX OF THE ESTATE OF MARY MAGDALENE
JACKSON v. HOUSING AUTHORITY OF THE CITY OF HIGH POINT

No. 374PA87

(Filed 3 February 1988)

**1. Constitutional Law § 24.9— civil case—peremptory challenges to jurors based on race—unconstitutional**

Art. I, § 26 of the North Carolina Constitution applies to the use of peremptory challenges in all cases, civil and criminal, and prohibits the exclusion of persons from jury service for reasons of race.

**2. Appeal and Error § 40; Jury § 5.2— exercise of peremptory challenges on racial basis—statement by counsel—not sufficient to support finding of discriminatory use**

A statement by plaintiff's counsel was not alone sufficient to support a finding of discriminatory use of peremptory challenges; counsel who seek to rely upon an alleged impropriety in the jury selection process must provide the reviewing court with the relevant portions of the transcript of the jury *voir dire.*

Justice WEBB did not participate in the consideration or decision of this case.

ON defendant's petition for discretionary review prior to determination of plaintiff's appeal to the Court of Appeals from judgment of *Hyatt, J.,* at the 10 November 1986 session of Superior Court, GUILFORD County. Heard in the Supreme Court 9 November 1987.

*Kennedy, Kennedy, Kennedy and Kennedy, by Harold L. Kennedy III, Harvey L. Kennedy, and Annie Brown Kennedy, for plaintiff-appellant.*

*Henson Henson Bayliss & Coates, by Perry C. Henson, J. Victor Bowman, and Jack B. Bayliss, Jr.; and Edward N. Post, for defendant-appellee.*

MARTIN, Justice.

[1] A statement of the facts of this case is contained in the opinion on the first appeal, reported in 316 N.C. 259, 341 S.E. 2d 523 (1986). The sole issue before us on this appeal is whether article I, section 26 of the North Carolina Constitution proscribes peremp-

tory challenges to jurors in civil cases on the basis of race. We hold that it does.

Article I, section 26 provides:

> No person shall be excluded from jury service on account of sex, race, color, religion, or national origin.

By its plain terms, this section of our constitution prohibits the exclusion of persons from jury service for reasons of race. It makes no distinction between civil and criminal trials. We conclude that this section applies to the use of peremptory challenges in *all* cases, civil and criminal. Furthermore, this provision of the constitution would be eviscerated if the use of peremptory challenges did not come within its ambit. It is true that a litigant in a civil case may exercise peremptory challenges during the voir dire process, N.C.G.S. § 9-19 (1986); *Freeman v. Ponder*, 234 N.C. 294, 67 S.E. 2d 292 (1951), but such challenges must be exercised in a constitutional manner. Property rights, as well as life and liberty, are protected by our constitution. N.C. Const. art. I, § 19. Although long embedded in our common law, the use of peremptory challenges is based upon statutory authority and is not of constitutional dimension. Therefore, the statutory authority to exercise peremptory challenges must yield to the constitutional mandate of section 26.

Although the issue decided today is of recent origin, our holding finds support in the decisions of other state courts. *Holley v. J & S Sweeping Co.*, 143 Cal. App. 3d 588, 192 Cal. Rptr. 74 (1983); *City of Miami v. Cornett*, 463 So. 2d 399 (Fla. App. 1985).

Our decision is based solely upon adequate and independent state constitutional grounds. *Michigan v. Long*, 463 U.S. 1032, 77 L.Ed. 2d 1201 (1983). Therefore, we do not find it necessary to discuss plaintiff's federal constitutional arguments.

[2] Our analysis of this appeal does not end with the above discussion. Plaintiff has failed to provide this Court with an adequate record from which to determine whether jurors were improperly excused by peremptory challenges in this trial. The statement by plaintiff's counsel is not sufficient, standing alone, to support a finding of discriminatory use of peremptory challenges. Impropriety in the selection of the jury cannot be supported solely by statements of counsel. *State v. Corl*, 250 N.C.

State ex rel. Utilities Comm. v. AT&T Communications

258, 108 S.E. 2d 615 (1959). The moving party has the burden to offer evidence in support of its motion. *Id.* It is the duty of the appellant to provide the Court with the materials necessary to decide the issue on appeal. *Mooneyham v. Mooneyham*, 249 N.C. 641, 107 S.E. 2d 66 (1959); *see* N.C.R. App. P. 9. The appellate courts can judicially know only what appears of record. *Vassey v. Burch*, 301 N.C. 68, 269 S.E. 2d 137 (1980). Even though we have no reason to doubt the accuracy of counsel's statement, it cannot serve as a substitute for record proof.

We hold that as a rule of practice, counsel who seek to rely upon an alleged impropriety in the jury selection process must provide the reviewing court with the relevant portions of the transcript of the jury voir dire. Plaintiff has failed to do so in this appeal. We do not have a sufficient record to determine the issue plaintiff urges. Accordingly, in the trial below we find

No error.

Justice WEBB did not participate in the consideration or decision of this case.