LEVINSON, Judge.
Respondent-parents appeal from orders terminating their parental rights in their natural minor children T.S., S.S., and L.R.[1] We affirm.
The children were born in 1993, 1994, and 1996. On 9 October 2000 petitioner Harnett County Department of Social Services (DSS) filed petitions alleging the children were neglected; thereafter, nonsecure custody orders were issued and the children were placed in DSS custody. The petitions were later amended to addallegations that the children were abused. Following a hearing on the petitions, the trial court on 1 February 2001 adjudicated all three children abused and neglected. The trial court ordered legal and physical custody of the children placed with DSS, denied visitation to respondents, and relieved DSS of further efforts to reunify the children with respondents.
On 19 August 2002 petitioner filed motions to terminate the respondents' parental rights in the children. The motions alleged as grounds for termination that respondents had abused and neglected the children, and had left them in DSS custody for more than twelve months without making reasonable progress towards correcting the conditions requiring their removal from respondents' home. Respondents answered, denying the material allegations in the motions. On 21 March 2003 a hearing was conducted on the termination motions. Following the hearing, the trial court on 20 June 2003 entered an order terminating the respondents' parental rights in S.S., T.S., and L.R.. From this order, respondents appeal.
Certain issues raised by both respondents may be addressed together. First, respondents argue that the motions for termination of parental rights are invalid in that they fail to allege sufficient facts. We disagree.
N.C.G.S. § 7B-1104(6) (2003) requires a petition or motion for termination of parental rights to state facts "that are sufficient to warrant a determination that one or more of the grounds forterminating parental rights exist." These "factual allegations . . . must put a party on notice as to what acts, omissions or conditions are at issue." In re Hardesty, 150 N.C. App. 380, 384, 563 S.E.2d 79, 82 (2002). Thus, a "petitioners' bare recitation . . . [of] statutory grounds for termination does not . . . state facts which are sufficient to warrant a determination that grounds exist to warrant termination." In re Quevedo, 106 N.C. App. 574, 579, 419 S.E.2d 158, 160 (1992) (internal quotations omitted). However, the requirement of G.S. § 7B-1104(6) may be met if a motion or petition "incorporates an attached custody award . . . [that] states sufficient facts to warrant such a determination." Id.
Respondents herein contend that the motions were inadequate because they state only the bare statutory grounds for termination of parental rights, without alleging any underlying facts. However, each motion also states that: "Custody of the above juvenile has been placed with the Petitioner by Court Order entered on February 1, 2001. A copy of that Order is attached hereto and incorporated herein as if fully set forth." (emphasis added). The incorporated order sets out extensive facts, including the following:
. . . .
9. The children have been exposed to inappropriate and excessive discipline at the hands of their father and with nothing done on the mother's behalf to protect the children. Evidence and incidents of this inappropriate and excessive discipline include:
a. Administering beatings on all three children with a board;
b. Scrubbing [T.S. and S.S.] with gasoline, causing chemical burns requiring medical attention; . . .
10. The children have been exposed to graphic and explicit sexual encounters, [as shown by] their vast knowledge of sex . . . and their labeling of genitalia as "pussy" and "dingaling." Evidence and incidents of this include, but are not limited to:
a. [T.S.'s] interview . . . wherein he revealed that his mother kissed his penis . . . and "kissed his dingaling with her pussy[,]" . . . and that his mother had asked him to "lick her pussy." . . .
b. [Four year old L.R.'s] interview . . . wherein she also used the same language[.] . . . [L.R.] was [also] observed with her belt unbuckled, thrusting her hips back and forth in a humping motion in the corner of the room[, and] . . . asked [a social worker] if "she wanted to see her titties." . . .
11. Both parents have inflicted and created a substantial risk of physical injury to the children and have allowed them to live in an environment injurious to their welfare. Evidence and incidents of this include:
a. Substantiation of neglect in March 1995 for leaving the children home alone;
b. Substantiation of neglect in April 1997 for domestic violence and improper care and supervision wherein [father] assaulted [mother] by hitting her in the head with a gun;
c. Substantiation of neglect in November of 1998 wherein the parents . . . left the children in an abandoned mobile home with no electricity, plumbing, or lights[.] . . .
d. Failure to retrieve [T.S.] from school when he was seriously ill . . .
e. Substantiation of abuse in February 2000 arising from an incident . . . wherein [father] burned the children by using gas to remove soot from their skin. . . .
f. Substantiation of neglect in October 2000 wherein it was found that [father] had been leaving four year old [L.R.] at home alone.
g. Maintaining a home wherein all three children sleep on one mattress on the floor with no sheets and one blanket.
h. Maintaining a home which has no running water and no steady source of electricity while at the same time the parents spend $510.00 per month on a Mustang vehicle as well as countless money on [father's] "gun arsenal."
12. The children are at a substantial risk of physical and emotional injury due to having access to firearms in the home. . . . [Father] carries a 9mm. pistol on his person most times. [Father] hit [mother] in the head with a gun in February 1998 resulting in [mother] signing a family services plan to end the domestic violence in her home. . . .
13. [T.S.] and [S.S.] have educational delays that have not and are not being addressed by the parents. . . .
14. [Father] has threatened the children, social workers, law enforcement officers and medical personnel several times throughout the years. His threats and comments . . . evidence clear emotional instability which is manifested in violence. The children have been exposed to repeated threats of beatings if they "tell family business," and present to social workers and medical [personnel] as fearing their father, whom they refer to as "T-Ray."
We conclude that these and other facts contained in the 1 February 2001 order, and incorporated in the motions for termination of parental rights, were sufficient to apprise respondents of the acts, omissions, and conditions on which the motions were based. Respondents, however, argue that the motions for termination of parental rights are invalid because the 1 February 2001 order was not actually "attached" to the motions. Respondents failed to litigate this issue, either during the hearing or when settling the record. Consequently, the record does not include an order, stipulation by the parties, or other evidence establishing that the order was not "attached" to the termination motions.
"[I]t is axiomatic that the arguments of counsel are not evidence." State v. Collins, 345 N.C. 170, 173, 478 S.E.2d 191, 193 (1996) (citation omitted). Indeed, "[t]he appellate courts can judicially know only what appears of record." Jackson v. Housing Authority of High Point, 321 N.C. 584, 586, 364 S.E.2d 416, 417 (1988). In the instant case, the record includes verified motions for termination of parental rights, each asserting that a copy of the 1 February 2001 order was attached thereto, as well as a copy of the 1 February 2001 order. Respondents' argument, that the February 2001 order was not attached to the motions for termination of parental rights, is unsupported by any evidence and is disregarded. This assignment of error is overruled.
Respondents argue next that the orders for termination of parental rights are invalid because they were entered more than thirty days following the hearing. We disagree.
N.C.G.S. § 7B-1109(e) (2003) requires that termination of parental rights orders "shall be reduced to writing, signed, and entered no later than 30 days following the completion of thetermination of parental rights hearing." In the instant case, the hearing concluded on 21 March 2003, at which time the court ruled from the bench that respondents' parental rights in the minor children were terminated. However, the written order was not entered until 20 June 2003, more than 30 days later.
However, this Court has held that violation of G.S. § 7B-1109(e) does not require an otherwise valid order for termination of parental rights to be vacated, absent a showing of prejudice to the respondent. In re E.N.S., 164 N.C. App. 146, 153-54, 595 S.E.2d 167, 172 (2004) ("although the order was not filed within the specified time requirement, respondent cannot show how she was prejudiced by the late filing. . . . Thus, the trial court's failure to file the adjudication and disposition orders within thirty days amounted to harmless error and is not grounds for reversal."), disc. review denied, __ N.C. __, __ S.E.2d __ (filed December 2, 2004). In the case sub judice, neither respondent has identified any prejudice occasioned by the late filing of the termination orders. We are unable to distinguish this case from In re E.N.S., which we are bound to follow. See In the Matter of Appeal from Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."). This assignment of error is overruled.
We have examined respondents' remaining assignments of error and find them to be without merit. We conclude the trial court didnot err by entering orders terminating respondents' parental rights in their minor children, T.S., S.S., and L.R., and that the court's orders should be
Affirmed.
Judges HUNTER and CALABRIA concur.
Report per Rule 30(e).

To preserve the privacy of the minor children, we refer to them by the initials T.S., S.S., and L.R.