STATE OF NORTH CAROLINA v. CASSIUS M. BUNCH

No. COA08-91

(Filed 16 September 2008)

**1. Conflict of Interest— failure to hold evidentiary hearing—failure to bring conflict to trial court's attention—attorney for State later acts as defense counsel**

The trial court did not commit reversible error in a probation violation case by failing to inquire into a potential conflict of interest where an attorney's name appears as the attorney for the State on the judgment suspending defendant's sentence of 15 to 18 months active time and imposing 24 months supervised proba-

tion, and then also as the attorney for defendant on the judgment and commitment upon revocation of probation, because: (1) although a failure to hold an evidentiary hearing concerning a potential conflict of interest is reversible error, the Court of Appeals has not held that a conviction may be reversed based on conflicts not brought to the trial court's attention; (2) initially the onus is on counsel to determine whether a conflict of interest exists, and consequently decide whether the representation may be undertaken despite the existence of a conflict; (3) the trial court was not aware of defense counsel's former involvement in the case; and (4) although defendant asserts the trial court had a duty to inquire about a conflict of interest, he presented no direct authority describing a duty on the court to inquire about potential conflicts of interest where the court has no knowledge of the potential conflict.

2. **Conflict of Interest— collateral attack—failure to demonstrate actual conflict of interest adversely affected lawyer's performance—attorney for State later acts as defense counsel**

   An alleged conflict of interest in a probation violation case did not affect defense counsel's representation, even though defendant contends the original judgment should have been challenged as no plea transcript existed showing that defendant knowingly and voluntarily pled guilty to the original charge, because: (1) even assuming arguendo that this defense was not raised due to the unsubstantiated conflict of interest claimed by defendant, this type of collateral attack is expressly prohibited when defendant failed to object to a conflict of interest at trial and failed to demonstrate that an actual conflict of interest adversely affected his lawyer's performance; and (2) defendant offered no evidence of a conflict of interest outside of the pertinent attorney's status as a prosecutor more than two years prior to her representation of defendant in the instant case.

Appeal by defendant from judgment entered 7 September 2007 by Judge Thomas D. Haigwood in Hertford County Superior Court. Heard in the Court of Appeals 20 August 2008.

*Attorney General Roy Cooper, by Assistant Attorney General Charles E. Reece, for the State.*

*Bryan Gates for defendant-appellant.*

BRYANT, Judge.

Cassius Bunch (defendant) appeals from a judgment revoking his probation as a result of testing positive for cocaine, violating curfew, failing to pay court-ordered costs, refusing to appear at day reporting center classes, and leaving the court's jurisdiction without making his whereabouts known. We affirm.

## Facts

Defendant pled guilty to sale or delivery of cocaine on 11 February 2004, and was given a suspended sentence of fifteen to eighteen months imprisonment in return for satisfying the terms of his probation for twenty-four months. The prosecuting attorney was Vershenia B. Moody. While on probation, probation violation reports were subsequently filed against defendant on 27 May 2005, 14 June 2005, 27 October 2006 and 2 March 2007. Defendant admitted to the violations in the first two hearings and each time defendant was continued on probation. Defendant's probationary period was extended two more years. Also on the October 2006 probation violation report, the State alleged that defendant tested positive for cocaine and failed to pay court cost, but the record does not indicate a hearing was ever held.

A fourth violation report was filed on 2 March 2007, with an addendum filed on 30 July 2007, which alleged that defendant: (1) tested positive for cocaine, (2) violated curfew, (3) failed to pay court-ordered costs, (4) refused to appear at day reporting center classes, and (5) left the court's jurisdiction without making his whereabouts known. Defendant was subsequently arrested and presented to the court for his probation violation hearing. The lower court appointed then defense attorney Vershenia Moody to represent defendant. At the probation violation hearing on 7 September 2007, defendant admitted to the probation violation, and the lower court activated his suspended sentence. Defendant appeals.

Defendant raises three issues on appeal: (I) whether the trial court erred in failing to inquire about potential conflicts of interest where Vershenia Moody represented the State at defendant's plea hearing and then represented defendant during the probation violation hearing; and (II) & (III) whether Moody's alleged conflict of interest adversely affected her representation of defendant.

**STATE v. BUNCH**

[192 N.C. App. 724 (2008)]

*Analysis*

*I*

[1] Defendant argues the trial court committed reversible error by failing to inquire into a potential conflict of interest where Vershenia Moody's name appears as the attorney for the State on the judgment suspending defendant's sentence of 15 to 18 months active time and imposing 24 months supervised probation and then as the attorney for defendant on the judgment and commitment upon revocation of probation. We disagree.

Although we have held that a failure to hold an evidentiary hearing concerning a potential conflict is reversible error, we have not held that a conviction may be reversed based on conflicts not brought to the trial court's attention. *See State v. James*, 111 N.C. App. 785, 791, 433 S.E.2d 755, 758 (1993) ("the practice should be that the trial judge inquire into an attorney's multiple representation *once made aware of this fact*") (emphasis added); *see also State v. Mims*, 180 N.C. App. 403, 409, 637 S.E.2d 244, 248 (2006) ("when a trial court is made aware of a possible conflict of interest, the trial court must take control of the situation") (citation and quotations omitted). So initially, the onus is on counsel to "determine whether a conflict of interest exists," and consequently "decide whether the representation may be undertaken despite the existence of a conflict." N.C. Rules of Professional Conduct, Rule 1.7 Comment 2 (2008).

Here, it is clear the trial court was not aware of defense counsel's former involvement in the case. Defendant asserts the trial court had a duty to inquire about a conflict of interest but presents no direct authority describing a duty of the court to inquire about potential conflicts of interest where the court has no knowledge of the potential conflict. We hold the trial court need not be burdened with counsel's responsibility to identify potential conflicts, and we decline to reverse defendant's conviction for errors occurring outside the scope of the court's duty. Accordingly, defendant's assignment of error is overruled.

*II*

[2] Defendant also argues that the alleged conflict of interest affected counsel's representation because the original judgment should have been challenged as no plea transcript exists showing that defendant knowingly and voluntarily pled guilty to the original charge. We disagree.

Even if we assume that this defense was not raised due to the unsubstantiated conflict of interest claimed by defendant, it remains that this type of collateral attack is expressly prohibited. *See State v. Holmes*, 361 N.C. 410, 413, 646 S.E.2d 353, 355 (2007) ("by failing to appeal from the original judgment . . . the defendant waived any challenge to that judgment and thus could not attack it in the appeal of a subsequent order activating her sentence"). "When a defendant fails to object to a conflict of interest at trial, a defendant must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Mims*, 180 N.C. App. at 409, 637 S.E.2d at 248 (citations and quotations omitted).

Defendant offers no evidence of a conflict of interest outside of Moody's status as a prosecutor more than two years prior to her representation of defendant in the instant case. However, assuming *arguendo* that a conflict of interest did exist, defendant fails to show how counsel's performance at his probation violation hearing was adversely affected.

The record reflects that the 7 September 2007 hearing was defendant's third probation violation hearing on his fourth violation report. The hearing was originally scheduled for 4 September 2007. Defendant's probation officer testified that a surveillance officer attempted to serve defendant with a violation report, defendant ran from the officer and later failed to be present for a hearing in July. Defendant was arrested and presented before the court for the hearing on 7 September. The probation officer recommended that defendant's probation be revoked. Attorney Moody addressed the court in defendant's defense and argued that there was mis-communication between the probation department and defendant as to a change in defendant's residence, that defendant had attended some classes at the Day Reporting Center but had transportation issues, and that defendant turned himself in to the Ahoskie Police Department. Defendant was then given an opportunity to address the court during which he acknowledged that he suffered from a drug addiction but that he was working.

Defendant maintains that this representation was inadequate, yet offers no evidence of adverse effects based on the performance of his appointed counsel. Accordingly, defendant's assignment of error is overruled.

Affirmed.

Judges JACKSON and ARROWOOD concur.