STATE OF NORTH CAROLINA
v.
JOSHUA LANE KINGSTON.
No. COA08-1201
Court of Appeals of North Carolina
Filed April 21, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General James M. Stanley, Jr., for the State.
Kevin P. Bradley for defendant-appellant.
STEELMAN, Judge.
Where defendant failed to object to a counsel conflict of interest at trial, defendant must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. Even presuming arguendo that an actual conflict of interest existed, defendant has failed to identify any way in which defense counsel's performance was adversely affected by the alleged conflict. Where defendant alleges impropriety in the jury selection process, defendant must supply the reviewing court with the relevant portions of the transcript of the jury voir dire.

I. Factual and Procedural Background
On 21 April 2006, Officer James Parker was called to the scene of a traffic accident. When he arrived, Officer Parker discovered that defendant had operated a vehicle, which had struck a parked car. Defendant told him that he did not have his identification. Defendant appeared to be "very nervous, holding his crotch area." Officer Parker asked defendant for permission to search him, and defendant consented. When Officer Parker patted down defendant, a small, plastic bag of marijuana fell out of his pants leg.
Officer Parker placed defendant in his police car, then called for backup and searched defendant again. Officer Parker found a yellow pill bottle that had also fallen out of defendant's pants leg. The bottle contained twenty-one rocks of crack cocaine. Officer Parker arrested defendant and took him to the police department.
At the police department, defendant signed a waiver of rights form. Defendant admitted that the twenty-one rocks were cocaine and that the substance in the plastic bag was marijuana. Defendant also admitted to having used marijuana that day but denied selling either cocaine or marijuana. Testing conducted by the SBI Lab confirmed that the substances were cocaine and marijuana.
On 4 December 2006, the Rockingham County grand jury returned an indictment against defendant for possession with intent to sell or deliver cocaine. The grand jury returned an habitual felon indictment against defendant on 8 January 2007. The case came on for trial on 5 May 2007.
Defendant's only witness at trial invoked his Fifth Amendment rights and refused to answer any questions. The trial court denied defendant's motions to dismiss the charges at the close of the State's evidence and again at the close of all the evidence. The jury found defendant guilty of the lesser included offense of possession of cocaine. Defendant then pled guilty to having attained habitual felon status. The trial court sentenced defendant to an active term of imprisonment of 96-125 months. Defendant appeals.

II. Alleged Counsel Conflict of Interest
In his first argument, defendant contends that the trial court erred when it failed to remove defense counsel after learning he had been the prosecutor in one of the three prior convictions supporting defendant's habitual felon indictment. We disagree.
At trial, defense counsel informed the trial court that he was concerned he had a conflict of interest. Defense counsel was a former prosecutor, and he was the prosecutor in a 2000 case used to support defendant's habitual felon indictment. The trial court explained to defendant that defense counsel's prior role as the prosecutor in the 2000 case could come before the jury during the habitual felon phase. Defendant expressed his desire to keep defense counsel, and told the court, "I am happy with his service. I pleaded guilty to those charges." Defendant waived any objection to defense counsel's continued representation.
A defendant has a Sixth Amendment right to counsel that includes a right to "representation that is free from conflicts of interest." Wood v. Georgia, 450 U.S. 261, 271, 67 L. Ed. 2d 220, 230 (1981). "When a defendant fails to object to a conflict of interest at trial, a defendant `must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.'" State v. Mims, 180 N.C. App. 403, 409, 637 S.E.2d 244, 248 (2006)(quoting Cuyler v. Sullivan, 446 U.S. 335, 348, 64 L. Ed. 2d 333, 346-47 (1980)).
Even presuming arguendo that an actual conflict of interest existed, defendant has failed to identify any way in which defense counsel's performance was adversely affected by the alleged conflict. This case is similar to State v. Bunch, ___ N.C. App. ___, 666 S.E.2d 188 (2008), in which defense counsel at a probation revocation hearing was the prosecutor on the underlying felony for which the defendant was placed on probation two years earlier. In Bunch, we held that the defendant failed to demonstrate inadequate performance by his trial counsel when his claim was based on her status as a former prosecutor. Id. Defendant's claim of a conflict in this case, based on defense counsel's role as a prosecutor in the 2000 case, is even more tenuous, particularly where defendant pled guilty to having attained habitual felon status. Defendant also specifically expressed his satisfaction with defense counsel's performance and acknowledged that he pled guilty to the prior felony. Defendant has failed to demonstrate that defense counsel's performance was adversely affected.
This argument is without merit.

III. Juror Issue
In defendant's second argument, he contends that the trial court abused its discretion and committed plain error by not excusing a juror who had an outstanding criminal charge. The trial court modified the juror's bond without objection from the State. Defendant asserts that the bond modification biased the juror in favor of the State. We disagree.
During jury selection, the trial court learned there was an outstanding 2005 worthless check charge against one of the members of the jury pool. The juror had failed to appear in court because she had not been served at the correct address. In light of the fact that a warrant had not been served, the trial court modified the bond from secured to unsecured. The State did not object to the modification. Later, defense counsel was permitted to conduct individual voir dire of the juror, but none of the voir dire was recorded. It appears that this juror did serve on the empaneled jury.
Plain error review applies only to jury instructions and evidentiary matters. State v. Wiley, 355 N.C. 592, 615, 565 S.E.2d 22, 39-40 (2002), cert. denied, 537 U.S. 1117, 154 L. Ed. 2d 795 (2003). Our Supreme Court "has specifically declined to extend application of the plain error doctrine to situations where a party failed to object to statements made by the other party during jury voir dire." Id. at 615-616, 565 S.E.2d at 40 (citations omitted). Therefore, where defendant failed to object to the trial court's asking whether the State agreed to an unsecured bond in front of the potential juror, defendant's argument is waived and cannot be resurrected through plain error analysis.
"[A]s a rule of practice, counsel who seek to rely upon an alleged impropriety in the jury selection process must provide the reviewing court with the relevant portions of the transcript of the jury voir dire." State v. Bellamy, 159 N.C. App. 143, 146, 582 S.E.2d 663, 666 (2003) (quoting Jackson v. Hous. Auth. of High Point, 321 N.C. 584, 586, 364 S.E.2d 416, 417 (1988)), cert. denied, 357 N.C. 579, 589 S.E.2d 130 (2003). "Counsel's statement `cannot serve as a substitute for record proof.'" Id.
In this case, the appellate record is insufficient to sustain defendant's contention. Jury selection was not recorded; therefore, it is impossible for this Court to determine whether defense counsel even sought to have the juror excluded from the panel. The trial transcript does show that the trial court stated defense counsel would have the opportunity to conduct individual voir dire of the juror, and defense counsel agreed. We will not engage in speculation as to what the juror may have said, or been asked, during voir dire based solely on defendant's claim of impropriety. Thus, we find that defendant has failed to demonstrate that the trial court abused its discretion in allowing the juror to remain on the jury. This argument is without merit.
We find no error in defendant's conviction.
NO ERROR.
Judges HUNTER, ROBERT C. and JACKSON concur.
Report per Rule 30(e).