GERALD FLETCHER and ALAN G. FLETCHER, trading as GERALD D. FLETCHER CONST. CO., and ALAN G. FLETCHER CONST. CO., INC., Plaintiffs-Appellants,
v.
JOHN L. BOWSER, SR., and BETTY J. BOWSER, Defendants-Appellees.
No. COA08-958.
Court of Appeals of North Carolina.
Filed May 19, 2009.
This case not for publication
Wells Jenkins Lucas & Jenkins, PLLC, by Ellis B. Drew, III, for Plaintiffs-Appellants.
Smith Moore Leatherwood, LLP, by Sidney S. Eagles, Jr. and Elizabeth Brooks Scherer; and Parrish, Smith & Ramsey, LLP, by Steven D. Smith, for Defendants-Appellees.
McGEE, Judge.
Plaintiffs entered into a contract with Defendants on 16 May 2003 whereby Plaintiffs agreed to construct a house for Defendants at a cost of $546,977.00. Plaintiffs filed a complaint on 2 January 2007, alleging that Defendants breached the construction contract by refusing to pay monies owed under the contract after all work on Defendants' house was completed. Plaintiffs also alleged they were entitled to relief pursuant to the doctrines of quantum meruit and unjust enrichment. Defendants filed an answer and counterclaim on 20 March 2007, denying Plaintiffs' claims and seeking damages for breach of contract, negligence, and unfair and deceptive trade practices. This matter was tried before a jury on 10 March 2008. The jury returned a verdict in favor of Defendants on 14 March 2008, and awarded Defendants damages for breach of contract in the amount of $20,539.00. Plaintiffs appeal.
Plaintiffs argue that the trial court erred in failing to give several jury instructions requested by Plaintiffs. Further, Plaintiffs argue that the requested instructions were correct statements of law and were supported by evidence presented at trial.
Plaintiffs argue that the trial court erred in refusing to instruct the jury on quantum meruit/unjust enrichment, quasi-contract and implied contract.

Quantum meruit is a measure of recovery for the reasonable value of services rendered in order to prevent unjust enrichment. It operates as an equitable remedy based upon a quasi contract or a contract implied in law. "A quasi contract or a contract implied in law is not a contract." An implied contract is not based on an actual agreement, and quantum meruit is not an appropriate remedy when there is an actual agreement between the parties. Only in the absence of an express agreement of the parties will courts impose a quasi contract or a contract implied in law in order to prevent an unjust enrichment.
Paul L. Whitfield, P.A. v. Gilchrist, 348 N.C. 39, 42, 497 S.E.2d 412, 414-15 (1998) (internal citations omitted).
"`When a party's requested jury instruction is correct and supported by the evidence, the trial court is required to give the instruction.'" For an appeal on the trial court's failure to give a requested instruction to prevail, a party must establish the following elements: (1) the requested instruction was a correct statement of law; (2) the requested instruction was supported by the evidence; (3) the instruction given, considered in its entirety, failed to encompass the substance of the law requested; and (4) such failure likely misled the jury. "The instructions must be based on evidence, which when viewed in the light most favorable to the proponent, will support a reasonable inference of each essential element of the claim or defense asserted." "`When a party aptly tenders a written request for a specific instruction which is correct in itself and supported by evidence, the failure of the court to give the instruction, at least in substance, is error.'"
Sobczak v. Vorholt, 181 N.C. App. 629, 635-36, 640 S.E.2d 805, 810 (2007) (internal citations omitted) (emphases added). It was Plaintiffs' burden to present sufficient evidence at trial to support their requested instructions; otherwise, instructing the jury on these claims would have been error. Id.;Environmental Landscape Design Specialist v. Shields, 75 N.C. App. 304, 306, 330 S.E.2d 627, 628 (1985).
Plaintiffs have failed to include in the record any evidence presented at trial other than the construction contract signed by Plaintiffs and Defendants. The record does include Plaintiffs' complaint, but a complaint does not constitute evidence. Hill v. Hill, 11 N.C. App. 1, 10, 180 S.E.2d 424, 430 (1971). Additionally, the only portions of the trial transcript included in the record are the jury instructions conference and the jury charge. Plaintiffs have failed to provide any evidence in the record supporting their claims for quantum meruit/unjust enrichment, quasi-contract and implied contract. "It is the duty of the appellant to provide the Court with the materials necessary to decide the issue on appeal. Mooneyham v. Mooneyham, 249 N.C. 641, 107 S.E.2d 66 (1959); see N.C.R. App. P. 9. The appellate courts can judicially know only what appears of record. Vassey v. Burch, 301 N.C. 68, 269 S.E.2d 137 (1980)." Jackson v. Housing Authority of High Point, 321 N.C. 584, 586, 364 S.E.2d 416, 417 (1988); see also Piedmont Triad Reg'l Water Auth. v. Sumner Hills, Inc., 353 N.C. 343, 349, 543 S.E.2d 844, 849 (2001). Because Plaintiffs have failed to provide any evidence in the record in support of their arguments, we are unable to address the merits of Plaintiffs' appeal. Dodson v. Dodson, 185 N.C. App. 265, 267-68, 647 S.E.2d 638, 641 (2007); Pharr v. Worley, 125 N.C. App. 136, 139, 479 S.E.2d 32, 34 (1997). Therefore, the judgment and order of the trial court is affirmed.
Affirmed.
Judges JACKSON and HUNTER, JR. concur.
Report per Rule 30(e).