PATRICIA MORSE v. KATHRYN F. CURTIS DOING BUSINESS AS CAMP
ILLAHEE
— AND —
BLEECKER MORSE v. KATHRYN F. CURTIS DOING BUSINESS AS CAMP
ILLAHEE

No. 7

(Filed 11 March 1970)

1. **Courts § 3—** superior court — jurisdiction — actions for personal
injuries

The superior court is a court of general jurisdiction and has jurisdic-
tion in all actions for personal injuries caused by negligence, except where
its jurisdiction is divested by statute. Article IV, § 2, N. C. Constitution;
G.S. 7A-240; G.S. 7A-242.

2. **Courts § 3—** superior court — jurisdiction — workmen's compensa-
tion

By statute the superior court is divested of original jurisdiction of all
actions which come within the provisions of the Workmen's Compensation
Act.

3. **Master and Servant § 85—** jurisdiction of Industrial Commission

The Industrial Commission is not a court of general jurisdiction but
is an administrative board with quasi-judicial functions, and has only
that jurisdiction conferred by statute, which jurisdiction may not be con-
ferred or enlarged by act or consent of the parties.

4. **Master and Servant § 93—** workmen's compensation claim — deter-
mination of jurisdiction by Industrial Commission

When the jurisdiction of the Industrial Commission is invoked by the
filing of a workmen's compensation claim with it, the Commission's first
order of business is to determine if the claim is properly before it and
then proceed according to law.

5. **Master and Servant § 87—** workmen's compensation claim — ad-
mission of liability under Compensation Act — subsequent common-
law tort action

Where plaintiff had filed a workmen's compensation claim with the In-
dustrial Commission and defendant had admitted liability under the Work-
men's Compensation Act, plaintiff was not precluded from thereafter filing
in the superior court a civil action for personal injuries, absent an un-
challenged determination of jurisdiction by the Industrial Commission
coupled with action resulting in recovery by plaintiff, or a challenge to its
jurisdiction resulting in a final appellate holding establishing the Com-
mission's jurisdiction.

6. **Master and Servant § 87; Pleadings § 15; Courts § 2—** action
for personal injuries — plea in bar — workmen's compensation ac-
tion — procedure by trial court

Where defendant alleged as a plea in bar to plaintiff's action for per-
sonal injuries that plaintiff was an employee of defendant at the time she

was· injured and was limited to an action in the ·Industrial Commission under the Workmen's Compensation Act, the trial court, sitting without a jury by consent of the parties, followed the proper procedure in determining the plea in bar by hearing evidence offered by .the parties, finding facts, reaching conclusions of law and thereupon entering judgment, since the court's determination of the plea in bar necessarily exercised the inherent judicial power of the court to determine its jurisdiction.

**7. Appeal and Error § 57— review of findings of fact**

Findings of fact by a trial judge are conclusive when supported by competent evidence, even when there is a conflict in the evidence, but an exception to a· finding of˙ fact not supported by competent evidence must be sustained.

**8. Master and Servant § 87; Pleadings § 15; Appeal and Error § 57— action for personal injuries — plea in bar — workmen's compensation action — employee or independent contractor — sufficiency of evidence to support court's findings**

In this hearing upon defendant's plea in bar to plaintiff's action for personal injuries on the ground that plaintiff was an employee of defendant at the time she was injured and was limited to an action in the Industrial Commission under the Workmen's Compensation Act, the record evidence does not support the trial judge's findings of fact upon which he based his conclusions of law that plaintiff, who had contracted to work as a counselor and head of the saddle ˙seat riding program at defendant's summer camp, was not an employee of defendant but was an independent contractor, and that the .·superior court had jurisdiction· of the subject matter, and that defendant's plea in bar was improperly overruled.

ON appeal from, and on certiorari to North Carolina Court of Appeals to review its decision reported in 6 N.C. App. 591.

Patricia Morse instituted her civil action in Henderson County Superior Court on 6 June 1967, by which she seeks damages for personal injuries sustained by her on 15 August 1964 at Camp Illahee ·near Brevard, North Carolina. On the same day her father, Bleecker Morse, instituted a civil action in the same court to recover for med-˙ical expenses incurred by him as a result of the injuries incurred by Patricia Morse and for his loss of his daughter's services during her minority.

On 26 July 1966 Patricia Morse and her father had instituted civil actions in Henderson County Superior Court by issuance of summons, by which each sought similar relief as in the present actions. Upon issuance of summons, an order was obtained in each case .granting an extension of time to file complaint. Complaints were never filed in those actions, and on 3 August 1966 Patricia Morse filed a claim with the North Carolina Industrial Commission for compensation under the Workmen's Compensation Act for the in-

juries sustained by her on 15 August 1964. On 6 June 1967, each plaintiff took a voluntary nonsuit as to the actions commenced on 26 July 1966, and on the same day instituted the civil actions now pending in Henderson County Superior Court. Defendant duly filed answer in each case and by her First Further Answer and Defense and as a plea in bar in each case, alleged:

"1. That at the time and on the occasion complained of in the complaint, plaintiff was an employee of the defendant in the conduct of the operation of Camp Illahee and was at the time and on the occasion complained of in the .complaint within the course and scope of her employment and about the business of the defendant as employer, and both parties were thereby bound by and subject to the Workmen's Compensation Act of the State of North Carolina.

"2. That by reason of the fact that plaintiff was an employee and the defendant her employer subject to the provisions of the North Carolina Workmen's Compensation Act, the rights and remedies therein granted exclude all other rights and remedies of the said plaintiff as against the defendant as her employer, and the North Carolina Workmen's Compensation Act is here pleaded as a bar to the right to prosecute this action for that this Court does not have jurisdiction by reason of the relationship between plaintiff and defendant, and that exclusive jurisdiction of any rights of the plaintiff are in the Industrial Commission of the State of North Carolina.

"3. That the plaintiff, Patricia Morse, as employee, has made claim for compensation pursuant to the North Carolina Workmen's Compensation Act, and this defendant has admitted the employer-employee relationship and that her injury was caused by an accident arising out of the employment."

The cases were, by consent, consolidated for hearing without a jury on the pleas in bar before Judge W. K. McLean. Judge McLean heard the evidence, including the entire record of the previous court actions filed in 1966 and the record of Patricia Morse's claim previously filed with the North Carolina Industrial Commission. Other evidence heard will be considered in the opinion.

Judge McLean, after hearing all the evidence, entered judgment in which he concluded that Patricia Morse was an independent contractor and that jurisdiction of the subject matter was in Henderson County Superior Court, and thereupon overruled defendant's pleas in bar. Defendant appealed to the North Carolina Court of Appeals,

where the action of the trial court was affirmed. Defendant appealed and also filed petition with this Court for certiorari to the North Carolina Court of Appeals to review its decision pursuant to G.S. 7A-31(c)(1)(2) and (3). The petition was allowed by order dated 22 January 1970.

*Uzzell and DuMont by Harry DuMont, and Francis M. Coiner for plaintiffs-appellees.*

*Landon Roberts, Ralph H. Ramsey, Jr., Ramsey, Hill & Smart for defendant-appellant.*

Branch, J.

The question here presented for decision is: Did the Court of Appeals err in affirming the trial judge's action in overruling defendant's pleas in bar and allowing plaintiff's motion to strike defendant's entire First Further Answer and Defense?

Defendant first contends that when plaintiff Patricia Morse filed her claim with the Industrial Commission and the defendant thereafter admitted liability, the North Carolina Industrial Commission was invested with exclusive jurisdiction. In support of this position defendant cites and relies upon G.S. 97-9 and G.S. 97-10.1. We quote both sections:

"§ 97-9.　Employer to secure payment of compensation. — Every employer who accepts the compensation provisions of this article shall secure the payment of compensation to his employees in the manner hereinafter provided; and while such security remains in force, he or those conducting his business shall only be liable to any employee who elects to come under this article for personal injury or death by accident to the extent and in the manner herein specified."

"§ 97-10.1.　Other rights and remedies against employer excluded. — If the employee and the employer *are subject to* and have accepted and complied with the provisions of this article, then the rights and remedies herein granted to the employee, his dependents, next of kin, or personal representative shall exclude all other rights and remedies of the employee, his dependents, next of kin, or representative as against the employer at common law or otherwise on account of such injury or death." (Emphasis added)

**[1-3]**　The General Court of Justice consists of an appellate division, a Superior Court division, and a District Court division. The

Superior Court is a court of general jurisdiction and has jurisdiction in all actions for personal injuries caused by negligence, except where its jurisdiction is divested by statute. Article IV, Section 2, North Carolina Constitution; G.S. 7A-240, G.S. 7A-242; *Bryant v. Dougherty*, 267 N.C. 545, 148 S.E. 2d 548. By statute the Superior Court is divested of original jurisdiction of all actions which come within the provisions of the Workmen's Compensation Act. *Neal v. Clary*, 259 N.C. 163, 130 S.E. 2d 39; *Thomason v. Cab Co.*, 235 N.C. 602, 70 S.E. 2d 706; *Hedgepeth v. Casualty Co.*, 209 N.C. 45, 182 S.E. 704. Conversely,

> "The Industrial Commission is not a court of general jurisdiction. It is an administrative board with quasi-judicial functions and has a special or limited jurisdiction created by statute and confined to its terms. Its jurisdiction may not be enlarged or extended by act or consent of parties, nor may jurisdiction be conferred by agreement or waiver. *Hart v. Motors*, 244 N.C. 84, 92 S.E. 2d 673; *Reaves v. Mill Co.*, 216 N.C. 462, 5 S.E. 2d 305." *Letterlough v. Atkins*, 258 N.C. 166, 128 S.E. 2d 215.

In the case of *Hanks v. Utilities Commission*, 210 N.C. 312, 186 S.E. 252, the facts show that Curtis E. Hanks died by reason of injuries received while employed by Southern Public Utilities Company. His employer filed a report of the accident which resulted in Hanks' death with the Commission on its required forms in December 1929. Hanks' administrator filed an action in Superior Court of Wilkes County under provisions of the Federal Employers Liability Act. This action remained *in fieri* in Wilkes County Superior Court until 8 January 1935, when a voluntary nonsuit was taken. The first action taken before the North Carolina Industrial Commission by the Administrator of Hanks' estate was a formal petition for award and request for hearing on 23 March 1935 — more than five years after the date of death. The Workmen's Compensation Act at that time provided that right to compensation would be barred unless a claim was filed within one year of death. The defendant denied liability and contended that the plaintiff was barred because claim had not been filed within one year after the employee's death and because plaintiff had elected to proceed under the Federal Employer's Liability Act in Wilkes County Superior Court. The North Carolina Industrial Commission denied compensation and upon appeal the Superior Court overruled the Commission. This Court in reversing the action of the Superior Court stated:

> "The restriction upon proceeding in another forum is that a recovery in the one form of action bars recovery in the other. As

was said in *Phifer v. Berry*, 202 N.C. 388: 'He may recover by one of the alternate remedies, but not by both.'

.  .  .  .

"The procedure upon the consideration and determination of a matter within the jurisdiction of the Industrial Commission, agreeable to the provisions of the act and the rules and regulations promulgated by the Commission, conforms as near as may be to the procedure in courts generally. By analogy, cases should be disposed of by some award, order, or judgment final in its effect, terminating the litigation. *Employers' Ins. Ass'n. v. Shilling*, 259 S.W., 236; *Todd v. Casualty. Co.*, 18 S.W. (2d), 695. A final judgment is the conclusion of the law upon the established facts, pronounced by the court. *Lawrence v. Beck*, 185 N.C., 196; *Swain v. Bonner*, 189 N.C., 185.

"The record before us fails to show any final order or adjudication of any kind prior to the one appealed from.

"A claim for compensation lawfully constituted and pending before the Commission may not be dismissed without a hearing and without some proper form of final adjudication.

"No statute of limitations runs against a litigant while his case is pending in court."

See also *Pratt v. Upholstery Co.*, 252 N.C. 716, 115 S.E. 2d 27.

[4]	The filing of plaintiff's claim with the Industrial Commission invoked its jurisdiction. When its jurisdiction is invoked, the Commission's first order of business is to determine if the claim is properly before it and then proceed according to law. *Letterlough v. Atkins, supra.*

[5]	In the instant case there has been no recovery in either forum. The Industrial Commission has made no final order or adjudication of any kind. *A fortiori*, it has merely continued consideration of plaintiff's claim without taking any action to determine whether the parties are subject to the Workmen's Compensation Act. The only order determining any matter with finality is the one now before us from the Superior Court. Absent an unchallenged determination of jurisdiction coupled with action resulting in recovery by plaintiff, or a challenge to its jurisdiction resulting in a final appellate holding establishing the Commission's jurisdiction, plaintiff was not precluded from filing her action in Superior Court because she had previously filed claim with the Industrial Commission and defendant had thereafter admitted liability under the Workmen's Compensation Act.

**[6]**   Consequently, Judge McLean, sitting without a jury, by consent of the parties, followed the proper *procedure* in determining the pleas in bar by hearing evidence offered by the parties, finding facts, reaching conclusions of law, and thereupon entering judgment. His determination of these particular pleas in bar necessarily exercised the inherent judicial power of the court to determine its jurisdiction. Manifestly, this determination of jurisdiction is subject to appellate review. *Burgess v. Gibbs*, 262 N.C. 462, 137 S.E. 2d 806; *Jones v. Oil Co.*, 202 N.C. 328, 162 S.E. 741. By the judgment entered the trial judge overruled defendant's pleas in bar.

The findings of fact included the following:

"3.   That the plaintiff, Patricia Morse, upon accepting employment pursuant to the written contract dated March 4, 1964, located and chose horses to be used by her as head of the saddle seat riding program at Camp Illahee, Inc., which was owned and operated by the defendant.

"4.   That the plaintiff, Patricia Morse, was engaged during the 1964 camp season as head of the saddle seat program, and as such, had the independent use of her skill, knowledge and training in the execution of said program; was engaged as head of the saddle seat program because of her independent skill and occupation as a horseback riding instructor; that she was employed to perform said duties at the fixed price of $400.00 plus living expenses at the camp for the entire camp season; that said plaintiff in the performance of her duties had complete charge and control of said program, determining solely the type of instruction to be given and the times when such instruction was to be given, and was not subject to discharge for adopting one method of performing her duties rather than another; that said plaintiff was free to use such assistants in said program as she deemed proper, and had full control and the right to control such assistants; that said plaintiff in fact had full responsibility and control, including the right to control the saddle seat riding program at the defendant's camp during the 1964 camp season, more particularly, from June 25, 1964, up to and including August 15, 1964, the date of the occurrence giving rise to this action."

"9.   That on the aforesaid occasion and prior thereto on August 15, 1964, the plaintiff, Patricia Morse, was not performing any of the duties for which she had been employed, nor had said plaintiff at any time been instructed not to use the aforesaid shed."

Based on these findings of fact, Judge McLean, *inter alia*, concluded as a matter of law:

"That this Court has jurisdiction of the parties and the subject matter of these actions."

"That the plaintiff, Patricia Morse, during the 1964 camp season and up to and including August 15, 1964, was not an employee of the defendant, but was an independent contractor."

In the landmark case of *Hayes v. Elon College*, 224 N.C. 11, 29 S.E. 2d 137, the Court enumerated elements ear-marking a contract as creating the relationship of employer and independent contractor as follows:

"The person employed (a) is engaged in an independent business, calling, or occupation; (b) is to have the independent use of his special skill, knowledge, or training in the execution of the work; (c) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (d) is not subject to discharge because he adopts one method of doing the work rather than another; (e) is not in the regular employ of the other contracting party; (f) is free to use such assistants as he may think proper; (g) has full control over such assistants; and (h) selects his own time."

Considering the relationship of employer-employee and employer-independent contractor in the case of *Scott v. Lumber Co.*, 232 N.C. 162, 59 S.E. 2d 425, the Court said:

". . . The test to be applied in determining whether the relationship of the parties under a contract for the performance of work is that of employer and employee, or that of employer and independent contractor is whether the party for whom the work is being done has the right to control the worker with respect to the manner or method of doing the work, as distinguished from the right merely to require certain definite results conforming to the contract. If the employer has the right of control, it is immaterial whether he actually exercises it."

**[7]**  We recognize the often-repeated rule that findings of fact by a trial judge are conclusive when supported by competent evidence, even when there is conflict in the evidence, but an exception to a finding of fact not supported by competent evidence must be sustained. *Horton v. Redevelopment Commission*, 264 N.C. 1, 140 S.E. 2d 728; *Insurance Co. v. Lambeth*, 250 N.C. 1, 108 S.E. 2d 36.

**[8]**  The question crucial to decision in this case is whether the trial court correctly concluded that "The plaintiff, Patricia Morse,

during the 1964 camp season and up to and including August 15, 1964, was not an employee of the defendant, but was an independent contractor." If this conclusion was correctly reached, then defendant's pleas in bar were correctly overruled because the statute expressly provides that the Workmen's Compensation Act only applies where the employer-employee relationship exists. G.S. 97-2; *Hicks v. Guilford County*, 267 N.C. 364, 148 S.E. 2d 240 (1966); *Hayes v. Elon College, supra.*

We must, therefore review the record to determine if the record evidence supports the findings of fact upon which this conclusion was based.

A portion of the evidence pertinent to decision in this case is summarized in part and quoted in part, as follows:

Plaintiff Patricia Morse, then age 20, sustained an injury on the premises of defendant on 15 August 1964; she had entered into a written contract (which has not been made a part of the record) to work as a counselor and head of the "saddle seat program" during the summer of 1964 for a salary of "$400 and something" plus board, lodging and laundry. Plaintiff, Patricia Morse, testified:

"In 1964, at Camp Illahee, I was termed a senior counselor and head of the saddle seat riding department.

.  .  .  .

"After the first week of camp, we were allowed one day a week, until the last week of camp and we were not allowed to leave.

"When I was allowed one day a week after the first week of camp, I signed out when I took my time off, and I was then free to come either to my home or anywhere I wanted to go.

". . . As head of the saddle seat riding department, I instructed my little girls in the riding of horses. That program started at 6:30 A.M., and then we broke for breakfast, of course, and then we resumed again at 9 o'clock, from 9 until 11, classes and from 3 to 5 we had classes.

"My routine and schedule began at 6:30 each morning. We had classes from 6:30 to 7:30. Your next class started at 9 — it had been a long time and I don't remember what time we had breakfast, but between 7:30 and 9 o'clock you had breakfast. During that period of time, I had the duty to sit at one of the tables with the little campers, which I rotated probably weekly. At each meal, whether breakfast, lunch or dinner, I sat at the

table with the campers, unless I had a day off. When I had a break for lunch, I came back and sat at the table and supervised the noon meals for the campers. I had classes in the afternoon and then I had dinner or the supper meal, at which time I sat at the table with the campers and supervised their meals.

"After supper at night, the activities varied. I was there approximately half an hour after dinner and went until about 8:30. Sometimes I assisted in their preparation and making sure the planned activities in the evening went along. Most of the time, we had people that planned the activities for us and we just enjoyed them. I went with my campers to enjoy the activities in the evening.

"Taps blew at 9 o'clock and I was to have the children in bed by a quarter of 9. Sometimes it was my responsibility to see that my children were in bed by 9 o'clock.

. . . .

". . . In 1964, as head of the saddle seat program, it was my duty to find horses, and I chose those horses. I determined which ones were to be rented or hired or used. During the year 1964, I set up the program for the saddle seat division."

The record further shows that there were more than five persons employed by defendant and that defendant listed Patricia Morse as an employee for Federal Insurance Contribution Act (F.I.C.A.) and for state and federal income tax purposes; that the F.I.C.A. taxes were paid by defendant for Patricia Morse for the year 1964. On 15 August 1964 no saddle seat riding was scheduled. On that day Patricia Morse and the other counselors were instructed by defendant to go down and move their personal automobiles so that the campers' parents could park their automobiles in that space. Although Patricia did not have a personal car on the premises, she accompanied the other counselors and, when the automobiles were moved, she and two other counselors went into a pump house on the premises to get out of the rain and to smoke a cigarette. After smoking a cigarette, plaintiff started out of the pump house to return to her cabin and her raincoat caught in the pump gears, causing her to react so as to receive serious injuries.

[8] A careful review of the record, including the evidence, findings of fact and conclusions of law, and an application of the legal principles hereinbefore set forth, clearly establish that plaintiff Patricia Morse did not possess the independence and other characteristics necessary to constitute her an independent contractor. Rather, a re-

view of the record evidence, which was substantially uncontroverted, compels a conclusion of law that, at the time she was injured the relation of employer-employee existed between defendant and Patricia Morse.

We note here, parenthetically, that defendant admitted liability under the Workmen's Compensation Act to the Industrial Commission and orally affirmed this admission upon argument in this Court.

The record evidence does not support the trial judge's findings upon which he based his conclusions of law that Patricia Morse was an independent contractor and that the Superior Court had jurisdiction of the subject matter.

Decision of the Court of Appeals is

Reversed.