NICOLA CAROLINE APPELBE v. RONALD WRIGHT APPELBE

No. 8521DC52

(Filed 4 June 1985)

**Divorce and Alimony § 24.10— child support for college education—complaint properly dismissed**

Plaintiff's complaint seeking support from her father for her college education was properly dismissed for failing to state a claim upon which relief could be granted where she had graduated from high school, was eighteen and one-half years old, and suffered no handicap on the present record. North Carolina courts do not have the authority to order child support for children who have reached their majority except in cases of mental or physical handicap or to complete secondary schooling. G.S. 50-13.8, G.S. 50-13.4(c).

APPEAL by plaintiff from *Albright, Judge.* Judgment entered 24 October 1984 in Superior Court, FORSYTH County. Heard in the Court of Appeals 3 June 1985.

Plaintiff daughter brought the present action against defendant father to obtain support for her college education. In her complaint, plaintiff alleges the following facts: Plaintiff graduated from high school and was eighteen and one-half years of age when she instituted this action; Guilford College approved her application for admission; plaintiff's mother is unable to fund plaintiff's college education. Plaintiff's complaint does not allege any contractual support obligation owed by plaintiff's father. From judgment dismissing plaintiff's complaint for failure to state a claim on which relief could be granted, plaintiff appealed.

*Randolph and Tamer, by Clyde C. Randolph, Jr., and Rebekah L. Randolph, for plaintiff, appellant.*

*David B. Hough for defendant, appellee.*

HEDRICK, Chief Judge.

North Carolina courts do not have authority to order child support for children who have reached their majority, *Gates v. Gates,* 69 N.C. App. 421, 317 S.E. 2d 402 (1984), *affirmed,* 312 N.C. 620, 323 S.E. 2d 920 (1985) *(per curiam),* except in cases of mental or physical handicap. N.C. Gen. Stat. Sec. 50-13.8. We have uniformly rejected claims by or on behalf of adult children for support for college education. *See Nolan v. Nolan,* 20 N.C. App. 550, 202 S.E. 2d 344, *cert. denied,* 285 N.C. 234, 204 S.E. 2d 24 (1974); *Crouch v. Crouch,* 14 N.C. App. 49, 187 S.E. 2d 348, *cert. denied,* 281 N.C. 314, 188 S.E. 2d 897 (1972). We note that the General Assembly has recently established an obligation for support for children 18 and older, but only to complete secondary schooling. 1983 N.C. Sess. Laws c. 54, *codified at* N.C. Gen. Stat. Sec. 50-13.4(c). The legislature having recently expressed our State's public policy on the matter, we must accept it. The cases cited by plaintiff in which other states have allowed support for education past majority involve situations in which such court-ordered support is authorized by statute. Plaintiff has not shown, nor do we know of, any North Carolina statute allowing such an award. Plaintiff has graduated from high school, aged eighteen and one-half years, and suffers no handicap on the present record. She therefore has failed to state a claim for relief.

Affirmed.

Judges WELLS and COZORT concur.