MALENE BRIDGES (MURAD) v. DAVID A. BRIDGES

No. 863DC976

(Filed 5 May 1987)

**Divorce and Alimony § 24.10— child support—college education—not required**

    The trial court had no authority to require defendant to pay the expenses of college educations for his children where there was no written modification to the separation agreement, which did not require defendant to pay the children's college expenses; the record is devoid of any evidence or indication that defendant agreed at the hearing to pay for the children's college expenses; and there was no contention or indication that either child met the statutory criteria for support after majority. N.C.G.S. § 50-13.4(c).

Bridges v. Bridges

APPEAL by defendant from *Rountree, Judge.* Order entered 10 April 1986 in District Court, PITT County. Heard in the Court of Appeals 10 March 1987.

Plaintiff brought this action on 21 June 1985, alleging that she and defendant were married to each other on 25 November 1966, separated in June 1970, and were divorced in October 1973. Two children were born of the marriage, Bryan Bridges and Kimberly Bridges, who were ages eighteen and sixteen, respectively, at the time the complaint was filed. Plaintiff alleged that defendant had agreed, in a separation agreement which the parties executed in June 1971, to pay $230.00 per month for support of the children until the youngest child reached eighteen years of age, and that he was $6,605.00 in arrears in those payments. She also sought an increase in prospective child support, alleging that Kimberly's needs had substantially increased since the date of the separation agreement. Plaintiff further alleged that defendant had promised to provide a college education for the children and she sought an order requiring defendant to pay "his proportionate part of the college education of the children born of the marriage." A copy of the separation agreement was attached to the complaint; it contained no provision relating to the payment of educational expenses for the children.

At the hearing, the parties stipulated that defendant was in arrears $6,605.00 in child support payments under the terms of the separation agreement, and that the separation agreement had not been modified in writing. After hearing testimony from each party, the trial court entered an order requiring defendant to pay $250.00 per month for Kimberly's support and to pay a portion of the arrearage. With respect to educational expenses, the trial court found:

14. That from the testimony of both plaintiff and defendant the Separation Agreement was modified so that the plaintiff did not seek additional child support, said forbearance being based on the defendant's contract with the plaintiff to provide for the higher education for the minor children.

15. That there was in fact a contract between plaintiff and defendant, whereby defendant obligated himself to provide for the higher education of his children.

16. That at the trial of this cause, the defendant agreed to be fully responsible for all the higher educational expenses of his son and for ½ of all higher educational expenses of his daughter, the expenses being all, over and above any educational grants and/or scholarships either of the children might obtain; . . .

The court ordered defendant to pay for all educational expenses for Bryan, beginning in the school year 1985-1986 and continuing through four years at an accredited college or university. With respect to Kimberly's college education, defendant was ordered to pay one-half of her educational expenses. Defendant appealed.

*No brief for plaintiff-appellee.*

*Dallas Clark, Jr., for defendant-appellant.*

MARTIN, Judge.

Defendant assigns error only to those portions of the trial court's order which require him to pay the expenses of the children's college educations. He excepts to Findings of Fact 14, 15 and 16, contending that such findings are not supported by the evidence. He further contends that, in the absence of an agreement to pay such expenses, the court was without authority to require him to provide any support for the children after they attained their majority and graduated from high school. We agree with each of his contentions.

Where the trial court sits without a jury, its findings of fact have the force and effect of a jury verdict and are conclusive on appeal if supported by competent evidence, even though there may be evidence to support contrary findings. *Williams v. Pilot Life Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975). However, if there is no competent evidence to support a finding of fact, an exception to the finding must be sustained and a judgment or order predicated upon such erroneous findings must be reversed. *Morse v. Curtis*, 276 N.C. 371, 172 S.E. 2d 495 (1970).

The testimonial evidence in the present case is set out in narrative form in the record on appeal, pursuant to App. R. 9(c)(1). Plaintiff's testimony relating to the alleged agreement by defendant to pay the children's college expenses was as follows:

Bridges v. Bridges

> After we separated and signed the Separation Agreement, I tried to seek an increase in child support. David told me that he had put money away for college education and he could not make any extra payments for child support.

> At some point in 1985, I talked to David about college education for the children, and he said that he would not make that payment. David told me that Bryan had the option to join the service, or ROTC at college, to assist in his education. . . . I just assumed that David was going to pay for Bryan's college education.

> David never consented to paying the college education for Bryan or Kim, and he has furnished no support for Bryan's education. I am helping send Bryan to college this year, . . . David is paying nothing toward his college.

Defendant testified:

> I never made an oral agreement, or any other kind of agreement, with Malene to pay for the college education for Bryan or Kim.

The parties stipulated that no written modification had ever been made to the separation agreement. Thus, the trial court's Findings of Fact 14 and 15 are unsupported by the evidence and must be disregarded. Likewise, the record is absolutely devoid of any evidence or indication that defendant agreed at the hearing to pay for the children's college expenses; therefore, Finding of Fact 16 is unsupported and defendant's exception to it must be sustained.

G.S. 50-13.4(c) provides, in pertinent part, that:

> Payments ordered for the support of a child shall terminate when the child reaches the age of 18 except:

> (1) If the child is otherwise emancipated, payments shall terminate at that time;

> (2) If the child is still in primary or secondary school when he reaches age 18, the court in its discretion may order support payments to continue until he graduates, otherwise ceases to attend school on a regular basis, or reaches age 20, whichever comes first.

Thus, it is clear that in the absence of an enforceable contract otherwise obligating a parent, North Carolina courts have no authority to order child support for children who have attained the age of majority unless the child has not completed secondary schooling, or, pursuant to G.S. 50-13.8, the child is mentally or physically incapable of self-support. *Appelbe v. Appelbe*, 75 N.C. App. 197, 330 S.E. 2d 57, *disc. rev. denied*, 314 N.C. 662, 336 S.E. 2d 399 (1985). There being no enforceable contract in the present case, and no contention or indication that either child meets the statutory criteria for support after majority, we hold that the trial court had no authority to require defendant to pay the expenses of college education for his children. Accordingly, we vacate that portion of the order. Insofar as the order requires defendant to pay a portion of the arrearage in past due support payments and to provide support for Kimberly until she reaches the age of eighteen, we affirm.

Affirmed in part; vacated in part.

Judges ARNOLD and GREENE concur.