GINGER F. FAULKENBERRY, PLAINTIFF v. W. MICHAEL FAULKENBERRY, DEFENDANT

No. COA04-332

(Filed 5 April 2005)

## Child Support, Custody, and Visitation— custody—motion for new trial

The trial court did not abuse its discretion in a child custody case by awarding sole custody of the children to defendant father and by denying plaintiff mother's motion for a new trial, because: (1) plaintiff points to no evidence in the record contradicting the court's finding that her adulterous relationship placed stress upon the children and was the primary cause of the older child's emotional problems; (2) although plaintiff contends defendant's threats should have been a factor in determining defendant's

fitness to have custody of the children, plaintiff has not included a transcript of testimony regarding the threats; and (3) plaintiff depended solely on evidence that did not exist at the time of trial in her motion for a new trial, and this evidence is not useful as a basis for granting a new trial since any evidence related to these allegations did not exist at the time of trial.

Appeal by plaintiff from order entered 4 June 2003 by Judge James M. Honeycutt in Iredell County District Court. Heard in the Court of Appeals 30 November 2004.

*Parker & Howes, PLLC, by David P. Parker, for plaintiff-appellant.*

*Crosswhite, Edwards & Crosswhite, by Andrea D. Edwards, for defendant-appellee.*

ELMORE, Judge.

Ginger Faulkenberry (plaintiff) and Michael Faulkenberry (defendant) were married on 19 September 1992. Two children were born during the marriage. Both plaintiff and defendant were law enforcement officers employed by the Charlotte-Mecklenburg Police Department. By December 2000, plaintiff had developed an extramarital relationship with another law enforcement officer, Ronnie Lowe. Plaintiff informed defendant of the affair and requested that he leave the marital home. Defendant met with plaintiff's counselor, Dr. Betty Russell, in an effort to keep the family together. However, Dr. Russell suggested that defendant move out of the home as a temporary solution to the parties' disagreement. The parties separated on 21 January 2001. Following the divorce, in April 2002, plaintiff married Ronnie Lowe. After the separation, the parties shared custody of the children and spent essentially equal time with them. However, on 6 November 2001, plaintiff filed an action seeking, *inter alia*, sole custody of the children. The district court awarded sole custody of the children to defendant and granted plaintiff reasonable visitation privileges. From the order of the district court entered 4 June 2003, plaintiff appeals.

First, plaintiff contends that the trial court abused its discretion in awarding sole custody of the children to defendant. Specifically, plaintiff argues the court erred in basing its conclusions upon its training and experience in custody matters. However, "[i]n child custody cases, where the trial judge has the opportunity to see and hear

the parties and witnesses, the trial court has broad discretion and its findings of fact are accorded considerable deference on appeal." *Smithwick v. Frame*, 62 N.C. App. 387, 392, 303 S.E.2d 217, 221 (1983) (citing *Blackley v. Blackley*, 285 N.C. 358, 362, 204 S.E.2d 678, 681 (1974)). Accordingly, the trial court's findings of fact in custody orders are binding on the appellate courts if supported by competent evidence. *Id.*

Here, the court found that plaintiff and defendant had worked out a shared custody arrangement but that plaintiff had expressed her belief that the children needed a primary home. The court agreed with plaintiff, "primarily based upon the Court's training and experience in custody matters." Plaintiff contends because the court expressly found that both parties were fit and proper persons to have custody, the court erred in awarding exclusive custody to defendant. However, plaintiff points to no evidence in the record contradicting the court's finding that plaintiff's adulterous relationship placed stress upon the children and was the primary cause of the older child's emotional problems.

According to the North Carolina Rules of Appellate Procedure, "[i]f the appellant intends to urge on appeal that a finding or conclusion of the trial court is unsupported by the evidence or is contrary to the evidence, the appellant shall file with the record on appeal a transcript of all evidence relevant to such finding or conclusion." N.C.R. App. P. 7(a)(1) (2004). This Court has repeatedly noted that it is the appellant's duty to ensure that the record is complete. *See Pharr v. Worley*, 125 N.C. App. 136, 139, 479 S.E.2d 32, 34 (1997); *State v. Brown*, 142 N.C. App. 491, 492-93, 543 S.E.2d 192, 193 (2001); *King v. King*, 146 N.C. App. 442, 445-46, 552 S.E.2d 262, 265 (2001). Without evidence in the record of error by a trial judge, the appellate court is not required to and should not assume error on the part of the trial judge. *Hicks v. Alford*, 156 N.C. App. 384, 390, 576 S.E.2d 410, 414 (2003). In *Hicks*, appellant-mother argued insufficient evidence existed to support the trial court's findings that appellant's hostility and animosity towards appellee-father was a substantial change of circumstances that had a detrimental effect on the child and it was therefore in the best interests of the child that appellee take primary custody of the child. In overruling appellant's argument, this Court noted that appellant failed to include in the record on appeal a transcript of the evidence presented to the trial court on the issue. *Id.* at 389-90, 576 S.E.2d at 414. The Court concluded that "[w]ithout the transcript, we are unable to review [appellant's] argument that the

trial court erred in making findings of fact that are unsupported by the evidence." *Id.*

Here, we have no transcript in the record with which to consider whether the finding that, from the court's training and experience in custody matters, plaintiff's conduct added to the stress on the children, that plaintiff's actions were the primary cause of the older child's emotional problems, or that the children need a primary home, as requested by plaintiff. The trial court found the best interests of the children would be served by awarding their exclusive care, custody, and control to defendant because of plaintiff's introduction of Lowe to the children at an early stage of her relationship with him and the effect that had, especially on the older child. Without a record of the relevant portions of the transcript, we are unable to conclude that the trial court erred in making these findings. We also find no abuse of discretion in the court's determination that awarding sole and exclusive custody to defendant promoted the best interests of the children. When both parents have been deemed fit, the court must make its custody determination based upon what is in the best interests of the child. *See* N.C. Gen. Stat. § 50-13.2(a) (2003). The trial court made its determination here, and plaintiff does not present adequate information in the record to support a conclusion that the trial court abused its discretion in doing so. *King v. Allen,* 25 N.C. App. 90, 92, 212 S.E.2d 396, 397, *cert. denied,* 287 N.C. 259, 214 S.E.2d 431 (1975).

Next, plaintiff assigns error to finding of fact number 25, in which the trial court found that while defendant admitted making threats to plaintiff and Ronnie Lowe, no evidence existed that either plaintiff or Lowe "believed the statements or were placed in fear of Defendant. Both Plaintiff and Ronnie Lowe are law officers, not regular private citizens." Plaintiff contends the threats should have been a factor in determining defendant's fitness to have custody of the children. Here, again, plaintiff has not included a transcript of testimony regarding the threats. Without evidence in the record of error by a trial judge, neither are we required to nor should we assume error on the part of the trial judge. *Hicks,* 156 N.C. App. at 389-90, 576 S.E.2d at 414. Because we cannot conclude that the trial court's finding was in error, plaintiff's assignment of error is without merit.

Finally, plaintiff contends the trial court erred in denying her motion for a new trial under Rule 59 of the North Carolina Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 59(a)(4) (2003) provides that a new trial may be granted if a party produces "[n]ewly discov-

ered evidence material . . . which he could not, with reasonable diligence, have discovered and produced at the trial[.]" A motion for a new trial must be served no more than 10 days after entry of judgment. N.C. Gen. Stat. § 1A-1, Rule 59(b) (2003). Rule 59 of the Federal Rules of Civil Procedure is comparable to the North Carolina rule. *Glen Forest Corp. v. Bensch,* 9 N.C. App. 587, 589, 176 S.E.2d 851, 853 (1970). The phrase "newly discovered evidence" refers to evidence in existence at the time of trial and of which the movant was excusably ignorant. *Campbell v. American Foreign S.S. Corp.,* 116 F.2d 926, 928 (2d Cir. 1941), *cert. denied,* 313 U.S. 573, 85 L. Ed. 1530 (1941). This limitation on newly discovered evidence has been justified on the policy ground that, were evidence arising after the time of trial to qualify as "newly discovered evidence," litigation would be never-ending. *Id.* (cited with approval in *Cole v. Cole,* 90 N.C. App. 724, 728, 370 S.E.2d 272, 274, *disc. review denied,* 323 N.C. 475, 373 S.E.2d 862 (1988)).

Here, plaintiff depended solely on evidence that did not exist at the time of trial in her motion for a new trial. Between the announcement of the trial court's ruling in open court after the initial hearing and its entry of judgment, plaintiff's motion alleges, *inter alia,* that defendant left his job as a police officer, ceased cooperating with plaintiff on matters relating to the children, and introduced the children to his girlfriend, with whom neither child has a strong relationship. As any evidence related to these allegations did not exist at the time of trial, it is therefore not useful as a basis for granting a new trial. Further, a court's decision on a motion for a new trial under Rule 59 is not reviewable on appeal, absent a showing of abuse of discretion. *Blow v. Shaughnessy,* 88 N.C. App. 484, 494, 364 S.E.2d 444, 449 (1988). We hold the trial court's denial of plaintiff's motion for a new trial did not amount to an abuse of that court's discretion.

Affirmed.

Judges WYNN and HUDSON concur.