DEBORAH DODSON, PLAINTIFF-APPELLEE v. DAVID DODSON, DEFENDANT-APPELLANT

No. COA06-969

(Filed 7 August 2007)

**Divorce— alimony—modification of alimony—conclusions of law—findings of fact**

The trial court did not abuse its discretion in the amount it reduced defendant's alimony obligation because: (1) defendant did not assign error to any of the trial court's conclusions of law, and therefore waived his right to challenge the conclusions; and (2) the findings of fact are deemed to be supported by competent evidence when the transcript was incomplete, appellant has the duty to see the record is properly prepared and transmitted, and an appellate court is not required to and should not assume error by the trial judge when none appears on the record before the appellate court.

Judge TYSON dissenting in a separate opinion.

Appeal by defendant from order entered 12 August 2005 by Judge Donna Stroud in Wake County District Court. Heard in the Court of Appeals 8 May 2007.

*No brief filed for plaintiff-appellee.*

*Shanahan Law Group, by Brandon S. Neuman and Kieran J. Shanahan, for defendant-appellant.*

CALABRIA, Judge.

David Dodson ("defendant") appeals from an order modifying alimony. We affirm.

Deborah Dodson ("plaintiff") and defendant (collectively, "the parties") were married on 8 October 1977 and separated on 28 January 2002. Prior to the parties' divorce on 30 April 2004, plaintiff filed a complaint for post separation support, alimony, and attorney's fees and the parties entered into an arbitration agreement regarding alimony, equitable distribution, and attorney's fees. At the time of the arbitration hearing on 10 May 2004, two of the parties' three children had reached the age of majority, and two of them lived with the plaintiff. One of the children living with the plaintiff was home-schooled at the age of 18 and the other was the parties' minor child with severe medical conditions requiring supervision.

Since the plaintiff was unemployed, the arbitrator imputed the plaintiff's income at the rate of $6.00 per hour for 30 hours a week and determined the plaintiff's reasonable and necessary living expenses were approximately $2,330.00 per month. The arbitrator further determined the defendant had the ability to pay alimony in the amount of $2,200.00 per month based on his salary and monthly expenses. On 4 June 2004, the arbitrator ordered the defendant to pay alimony in the amount of $2,200.00 per month for 10 years as well as attorney's fees in the amount of $5,739.99. On 16 July 2004, the trial court confirmed the arbitrator's decision regarding the amount and the duration of the alimony and awarded attorney's fees.

On 17 August 2004, defendant filed motions for tax exemptions and a modification of the alimony award and alleged a change in circumstances. The circumstances included, *inter alia*, the children were no longer minors, the plaintiff's monthly income was actually higher and defendant's income was substantially lower than the amounts the arbitrator had determined.

On 12 August 2005, the trial court denied the motion requesting dependency tax exemptions for the 2003 and 2004 tax years because all three children had reached the age of majority and the defendant's child support obligation had terminated. On that same date, the trial

**DODSON v. DODSON**

[185 N.C. App. 265 (2007)]

court granted defendant's motion for modification of alimony due to his reduction in income. His monthly alimony payments were modified to $1,826.00 per month.

On 22 August 2005, defendant filed a motion to reconsider the 12 August 2005 order modifying alimony. The trial court denied most of defendant's requests by orders on 10 February 2006, and preserved the previous alimony order of $1,826.00 per month. From the 12 August 2005 order, defendant appeals.

On appeal, defendant brings forth several arguments relating to the alimony award. "Decisions regarding the amount of alimony are left to the sound discretion of the trial judge and will not be disturbed on appeal unless there has been a manifest abuse of that discretion." *See e.g., Bookholt v. Bookholt*, 136 N.C. App. 247, 249-50, 523 S.E.2d 729, 731 (1999) (citing *Quick v. Quick*, 305 N.C. 446, 453, 290 S.E.2d 653, 658 (1982)). "An abuse of discretion occurs when the ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *Briley v. Farabow*, 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998) (internal quotations omitted).

The review of the trial court's findings of fact are limited to "whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." *Hartsell v. Hartsell*, 99 N.C. App. 380, 385, 393 S.E.2d 570, 573 (1990) (quoting *Adkins v. Adkins*, 82 N.C. App. 289, 292, 346 S.E.2d 220, 222 (1986)). "[T]he trial court's conclusions of law are reviewed *de novo* by this Court." *State v. Ripley*, 360 N.C. 333, 339, 626 S.E.2d 289, 293 (2006).

The defendant must assign error to each conclusion he believes is not supported by the evidence, or the conclusions will be deemed binding on appeal. N.C. R. App. P. 10 (2006); *see also Fran's Pecans, Inc. v. Greene*, 134 N.C. App. 110, 112, 516 S.E.2d 647, 649 (1999). Failure to assign error to such conclusions of law "constitutes an acceptance of the conclusion and a waiver of the right to challenge said conclusion as unsupported by the facts." *Fran's Pecans* at 112, 516 S.E.2d at 649; *see also In re J.A.A.*, 175 N.C. App. 66, 74, 623 S.E.2d 45, 50 (2005).

In the case *sub judice*, the defendant does not assign error to any of the trial court's conclusions of law and therefore waived his right to challenge the conclusions. Hence, the conclusions of law are binding and the trial court's order should be affirmed. Furthermore, it is

DODSON v. DODSON

[185 N.C. App. 265 (2007)]

difficult for this Court to determine if the findings of fact were supported by competent evidence because the transcript is incomplete. Specifically, only 36 of over 100 pages of the transcript were included in the record. Under N.C. R. App. P. 9(c)(2) (2007), a partial transcript is allowed "provided that when the verbatim transcript is designated to show the testimonial evidence, so much of the testimonial evidence must be designated as is necessary for an understanding of all errors assigned." *Id.* "It is the duty of the appellant to see that the record is properly prepared and transmitted." *Tucker v. Telephone Co.*, 50 N.C. App. 112, 118, 272 S.E.2d 911, 915 (1980) (quoting *Hill v. Hill*, 13 N.C. App. 641, 642, 186 S.E.2d 665, 666 (1972)). Further, the appellant has the duty to ensure that the record is complete. *Faulkenberry v. Faulkenberry*, 169 N.C. App. 428, 430, 610 S.E.2d 237, 239 (2005) (citing *Pharr v. Worley*, 125 N.C. App. 136, 139, 479 S.E.2d 32, 34 (1997)).

Here, the incomplete transcript in the record is inadequate under N.C. R. App. P. 9(c)(2) and prevents this Court from determining the context of some of the responses in the selected transcript. Although the sections of the transcript that were provided properly address some of the assignments of error, without access to all the evidence presented to the trial court, it is impossible for this Court to understand all the errors assigned by the defendant.

Absent a complete transcript, it is impossible for this Court to determine whether or not the challenged findings of fact are supported by the evidence, therefore, we assume that the findings are in fact supported. "An appellate court is not required to, and should not, assume error by the trial judge when none appears on the record before the appellate court." *State v. Williams*, 274 N.C. 328, 333, 163 S.E.2d 353, 357 (1968). Based on the exclusions of the transcript, we cannot review the defendant's assignments of error that allege the trial court erred in making findings of fact that were not supported by competent evidence. *See Pharr* at 139, 479 S.E.2d at 34 (concluding that the appellant failed to include relevant portions of the transcript and therefore, this Court would not speculate as to error by the trial court). Accordingly, the trial court's findings of facts are deemed to be supported by competent evidence. This assignment of error is overruled.

Affirmed.

Judge WYNN concurs.

**DODSON v. DODSON**

[185 N.C. App. 265 (2007)]

Judge TYSON dissents in a separate opinion.

TYSON, Judge dissenting.

The majority's opinion affirms the trial court's order and holds: (1) defendant failed to assign error to any of the trial court's conclusions of law and those conclusions are binding on appeal and (2) defendant's assignments of error cannot be reviewed due to an incomplete transcript. I disagree and respectfully dissent.

## I. Standard of Review

Normally, "[d]ecisions regarding the amount of alimony are left to the sound discretion of the trial judge and will not be disturbed on appeal unless there has been a manifest abuse of that discretion." *Bookholt v. Bookholt*, 136 N.C. App. 247, 249-50, 523 S.E.2d 729, 731 (1999) (citing *Quick v. Quick*, 305 N.C. 446, 453, 290 S.E.2d 653, 658 (1982)). "However, if there is no competent evidence to support a finding of fact, an exception to the finding must be sustained and a judgment or order predicated upon such erroneous findings must be reversed." *Bridges v. Bridges*, 85 N.C. App. 524, 526, 355 S.E.2d 230, 231 (1987) (citing *Morse v. Curtis*, 276 N.C. 371, 172 S.E.2d 495 (1970)).

Also, defendant's requests for admissions by plaintiff were "deemed admitted" by court order entered 11 February 2005 and are binding upon the trial court and here. Our Supreme Court has stated:

> [A] judicial or solemn admission . . . is a formal concession made by a party (usually through counsel) in the course of litigation for the purpose of withdrawing a particular fact from the realm of dispute . . . . *Such an admission is not evidence, but rather removes the admitted fact from the field of evidence by formally conceding its existence. It is binding in every sense.*

*Woods v. Smith*, 297 N.C. 363, 374, 255 S.E.2d 174, 181 (1979) (internal quotation omitted) (emphasis supplied).

## II. Analysis

### A. Calculation Errors

Defendant contends the trial court: (1) ignored undisputed and admitted evidence of plaintiff's income and (2) failed to credit rental income plaintiff is receiving from their emancipated adult children. Conclusion of law numbered 2 states, "there has been a substantial

change in material circumstances relating to the financial conditions and circumstances of the parties since the Prior Order was entered . . . July 16, 2004, which justifies modification of the Defendant's alimony obligation." As stated by the majority's opinion, defendant does not challenge this conclusion of law, which concluded defendant's motion had merit. Defendant challenges whether the trial court erred in calculating the amount to modify alimony.

Admitted and uncontradicted evidence shows: (1) plaintiff's income has increased from an imputed net income of $600.00 to an actual net income of $1,725.28 per month; (2) plaintiff's living expenses at the time of the prior order totaled $2,330.00 per month; (3) at the time of the prior order, plaintiff lived with her minor son and adult daughter and was allocated one-half $219.50 per month of the mortgage payment on the former marital home; (4) plaintiff moved from North Carolina to South Carolina for work and was responsible for rental payments on her home of $850.00 per month; (5) plaintiff now lives with her adult son and adult daughter in a three bedroom home; (6) plaintiff receives rental contributions for rental and household expenses from both her adult son and adult daughter; (7) the prior order projected defendant's gross income for 2004 to be between $65,000.00 and $70,000.00; (8) defendant's 2004 income was $50,844.00; (9) defendant's projected 2005 net income based on his 15 April 2005 pay stub is $3,841.00 per month; (10) the 15 April 2005 pay stub amount reflected an atypical and non-recurring gross incentive bonus received on 18 March 2005 in the amount of $1,988.00; and (11) defendant's reasonable and necessary living expenses are $2,300.00 per month.

The prior order calculated defendant's monthly alimony payment to be $2,200.00 based upon plaintiff's reasonable and necessary living expenses of $2,330.00 minus her imputed net income of $600.00 to determine a shortfall of $1,730.00 per month. This determined shortfall was then adjusted to reflect income taxes and recalculated to be $2,200.00.

Based upon the admitted facts and taking plaintiff's reasonable and necessary expenses as unchanged and subtracting her current net income, equates to a shortfall of $604.72 per month. Based on the same income tax rate used in the prior order, defendant's alimony payment should be modified to $769.00 per month. The trial court's determination that defendant's monthly alimony payments should be reduced from $2,200.00 per month to $1,826.00 per month is not based on the admitted and binding evidence in the record to support the

trial court's finding of fact. Without competent evidence "an exception to the finding must be sustained and a judgment or order predicated upon such erroneous findings must be reversed." *Bridges*, 85 N.C. App. at 526, 355 S.E.2d at 231 (citation omitted). Using the same analysis and calculations as in the prior order sought to be modified, defendant's reduced obligation still remains more than $1,000.00 per month higher than plaintiff's admissions allow.

## B.  Transcript

Under Rule 9(c)(2) of the North Carolina Rules of Appellate Procedure, a partial transcript is allowed "provided that when the verbatim transcript is designated to show the testimonial evidence, so much of the testimonial evidence must be designated as is necessary for an understanding of all errors assigned." N.C.R. App P. 9(c)(2) (2007). The partial transcript in the record and briefs contain all necessary testimonial evidence needed to understand and rule upon the errors assigned.

## III.  Conclusion

Plaintiff admitted all facts in defendant's request for admissions and these admitted facts were entered by order of the court. These admissions were no longer in "the realm of dispute" and are "binding in every sense." *Woods*, 297 N.C. at 374, 255 S.E.2d at 181. The trial court miscalculated the required reduction of defendant's alimony payments from $2,200.00 to $1,826.00 per month. I vote to remand to the trial court for correction of defendant's income and a determination of plaintiff's reasonable and necessary living expenses taking into account rental amounts she receives from her emancipated adult children who are living with her. I respectfully dissent.