An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-488

NORTH CAROLINA COURT OF APPEALS

Filed: 6 January 2015


DODI C. REARDON
    Plaintiff-Appellant,

v.

Gaston County
No. 01-CvD-2484

MARK C. BROWN
    Defendant-Appellee.


Appeal by Plaintiff from order entered 15 January 2014 by Judge Ralph C. Gingles in District Court, Gaston County. Heard in the Court of Appeals 6 October 2014.


*Thomas B. Kakassy for Plaintiff-Appellant.*

*Carpenter & Carpenter, PLLC, by James R. Carpenter, for Defendant-Appellee.*


McGEE, Chief Judge.


Dodi C. Reardon ("Plaintiff") appeals the trial court's order dismissing, under the doctrine of laches, her equitable distribution action filed thirteen years ago against her husband, Mark C. Brown ("Defendant"). We affirm.

I. Background

Plaintiff and Defendant were married on 24 July 1993. They separated on 18 October 1997, and a separation agreement was prepared ("the separation agreement"). Plaintiff signed the separation agreement on 14 November 1997, but Defendant did not sign it. Moreover, the final divorce judgment dissolving the parties' marriage, entered 4 June 1999, stated in part that "there are matters of equitable distribution between the plaintiff and the defendant that shall be placed on the 'off docket.'" However, Defendant contends that the parties adhered to the terms of the separation agreement when their marital assets were distributed, and Plaintiff does not dispute this in her brief. Nonetheless, thirteen years later, Plaintiff moved *ex parte* to reactivate the equitable distribution action between her and Defendant. The trial court reactivated the equitable distribution action by an amended order, entered 19 November 2012 ("the reactivation order").

In response, Defendant moved the trial court to rescind the reactivation order and dismiss Plaintiff's action based, in part, on the affirmative defense of laches. The trial court held a hearing on Defendant's motion on 17 December 2013 ("the hearing"). By order entered 15 January 2014, the trial court dismissed Plaintiff's equitable distribution claim "for failure to prosecute [her action] in a timely fashion, which

constitute[d] prejudice to the [D]efendant" ("the dismissal order"). Plaintiff appeals.

## II. Standard of Review

It is well settled in our caselaw that when the trial court sits without a jury,

> the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. Where . . . the trial court's findings are not contested, the findings are presumed to be supported by competent evidence and [are] binding on appeal. The trial court's conclusions of law are reviewable *de novo.*

*Irby v. Freese*, 206 N.C. App. 503, 508, 696 S.E.2d 889, 892 (2010) (citations and internal quotation marks omitted).

## III. Plaintiff's Challenges to the Findings

Plaintiff first challenges the sufficiency of a number of the trial court's findings of fact in the dismissal order, specifically:

> 2. That on or about November 14, 1997, the plaintiff had prepared a separation agreement reflecting the agreement of the parties, which she executed before a notary public, but which was never executed by the defendant. Nonetheless, the terms and conditions of the separation agreement were adhered to by the parties. That, among other things, the defendant purchased the plaintiff's interest in the marital residence, . . . and the defendant paid off all of the

marital credit card debt.

    3. The plaintiff received an automobile, the defendant received an automobile and each party waived any claim that they may have had to the retirement or 401K accounts of the other. That although the separation agreement was not completely executed, the [c]ourt finds that the parties acted in reliance upon the terms and conditions thereof.

. . . .

    8. That the plaintiff testified that she had given no thought to equitable distribution until she stumbled on the divorce document and questioned what it meant by the fact that the divorce decree provided *"That there are matters of equitable distribution that should remain open and placed on the 'off-docket.'"* That thereafter, she made inquiry of counsel as to what that meant, thus, the beginning of this action.

Plaintiff's challenges to the above findings are largely conclusory. In her brief before this Court, the entirety of Plaintiff's argument challenging findings of fact three and eight is that they have "no basis in the record." Plaintiff does not explain her position further, nor does she direct this Court to anywhere in the record where we might evaluate the factual sufficiency of these findings. *See* N.C.R. App. P. 7(a)(1) ("If the appellant intends to urge on appeal that a finding or conclusion of the trial court is unsupported by the evidence or is contrary to the evidence, the appellant *shall*

cite in the record on appeal the volume number, page number, and line number of all evidence relevant to such finding or conclusion." (emphasis added)).

Moreover, in our review of the trial court's findings, we can look no further than the record presented on appeal. *See* N.C.R. App. P. 9(a) ("In appeals from the trial division of the General Court of Justice, review is solely upon the record on appeal, the verbatim transcript of proceedings, if one is designated, and any other items filed pursuant to this Rule 9."). "This Court has repeatedly noted that it is the appellant's duty to ensure that the record is complete. Without evidence in the record of error by a trial judge, the appellate court is not required to and should not assume error on the part of the trial judge." *Faulkenberry v. Faulkenberry*, 169 N.C. App. 428, 430, 610 S.E.2d 237, 239 (2005) (citations and quotation marks omitted).

In the present case, Plaintiff failed to include a transcript of the hearing in the record on appeal. Therefore, this Court is otherwise unable to review Plaintiff's challenge to finding of fact three, which discusses evidence that was presented during the hearing regarding ways in which the parties relied upon the separation agreement. Nor can we review finding of fact eight, finding that Plaintiff testified she "had given

no thought to equitable distribution until she stumbled on the divorce document" a number of years after the parties ended their marriage. As such, these challenges by Plaintiff are waived.[1] *See id.*

Regarding the trial court's finding of fact two, which discusses the separation agreement specifically, Plaintiff does not contest that she and Defendant "adhered to" the terms of the separation agreement or that Defendant purchased Plaintiff's interest in the marital residence and paid off all of the marital credit card debt as part of this exchange. Therefore, that portion of finding of fact two is binding on appeal. *See Irby*, 206 N.C. App. at 508, 696 S.E.2d at 892. Instead, Plaintiff challenges only the trial court's decision to review the separation agreement during the hearing. This argument is waived as unpreserved because Plaintiff has not provided this Court with any evidence that she objected to the introduction of the separation agreement during the hearing. *See* N.C.R. App. P. 10(a)(1) ("In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the

---

[1] Plaintiff also raises conclusory challenges to the trial court's findings of fact six and seven, which discuss evidence related to the possible contents of Defendant's retirement account; however, in light of our analysis above, we need not address these challenges.

ruling the party desired the court to make if the specific grounds were not apparent from the context.").

IV.  Plaintiff's Challenges to the Conclusions of Law

Plaintiff also challenges the trial court's conclusion that Defendant was prejudiced by Plaintiff's failure to prosecute the equitable distribution action in a timely manner.  However, because we have not been presented with meritorious challenges to the trial court's findings, all that remains for this Court to determine is whether the trial court's findings support its conclusions of law.  *See Irby*, 206 N.C. App. at 508, 696 S.E.2d at 892.  Plaintiff's failure to litigate the equitable distribution action in a timely manner must have "resulted in some change in the condition of the property or in the relations of the parties" that unreasonably prejudiced Defendant, in order to dismiss Plaintiff's action under the doctrine of laches.[2]  *See id.* (citation omitted).  The "mere passage of time is insufficient" to support a conclusion that Defendant was prejudiced by Plaintiff's inaction.  *See id.*  In its order, the trial court concluded:

> 1. That[,] although the parties did not have a completely executed separation

---

[2] Plaintiff also would have to "[know] of the existence of the grounds for [her] claim" during the delay.  *See id.* (citation omitted).  This appears to be uncontested in the present case, as Plaintiff was a party to her own divorce.

agreement, the parties acted in detrimental reliance upon the terms and conditions of the separation agreement [and] each received what was bargained for.

2. That the failure of the plaintiff to pursue any claim for a period of at least 15 years following the separation and at least 13 years following the divorce further confirms the [c]ourt's finding that the parties acted in detrimental reliance upon the terms and conditions of the separation agreement.

3. That the length of time involved, in and of itself, constitutes severe prejudice to the defendant and the fact that he was unable to determine what might have been in his retirement account, further constitutes prejudice to the defendant. The [c]ourt further finds that the inordinate delay in attempting to pursue a claim of equitable distribution is, in and of itself, prejudicial and should be barred by the equity defense of laches.

Plaintiff challenges the trial court's conclusions two and three, basing these challenges entirely on her contention that "the mere passage of time does not constitute detrimental reliance . . . [or] prejudice." However, Plaintiff does not challenge the trial court's first conclusion that "the parties acted in detrimental reliance upon the terms and conditions of the separation agreement [and] each received what was bargained for." Plaintiff's failures (a) to challenge the trial court's first conclusion and (b) to prosecute the equitable distribution action for thirteen years simply because she "had given no

thought" to it during that time, fully support the trial court's ultimate conclusion that Plaintiff "fail[ed] to prosecute [her action] in a timely fashion, which constitute[d] prejudice to the [D]efendant." The trial court did not err in dismissing Plaintiff's action.

Affirmed.

Judges STEPHENS and DIETZ concur.

Report per Rule 30(e).